**Vera BROOKS and Dorothy P. Williams**

v.

**GEORGIA GULF CORPORATION.**

Civil Action No. 95–482.

United States District Court,
M.D. Louisiana.

Feb. 5, 1996.

---

Patrick Wayne Pendley, Patrick W. Pendley, A.P.L.C., Plaquemine, LA, André Phillip Laplace, Baton Rouge, LA, for plaintiffs.

John E. Heinrich, Breazeale, Sachse & Wilson, Baton Rouge, LA, for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on a motion to remand filed by the plaintiffs, Vera Brooks and Dorothy P. Williams. For the reasons which follow, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

The plaintiffs, residents of the small Iberville Parish community of Ella, commenced this action on April 12, 1995, in the Eighteenth Judicial District for the State of Louisiana, seeking damages as a result of a chemical leak from a nearby facility owned by the defendant, Georgia–Gulf Corporation ("Georgia–Gulf"). The plaintiffs allege they suffered burning eyes, sore throats, and upset stomachs, as well as fear for their physical well-being. The plaintiffs seek to maintain this suit as a class action on behalf of themselves and approximately three hundred other persons similarly situated. The complaint seeks for each member of the class "compensatory damages in an amount to be proven at trial, but, in no event, in an amount greater than [$35,000]." The complaint also seeks "such punitive damages as may be authorized by the laws of the State of Louisiana."

Georgia–Gulf timely removed the suit to federal court pursuant to 28 U.S.C. § 1332. The plaintiffs then filed the motion to remand. The plaintiffs concede the existence of complete diversity between the parties, but dispute whether the jurisdictional amount requirement set forth in section 1332 has been satisfied.

### ANALYSIS

The plaintiffs rely on the well-established rule of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,[1] which holds that the sum claimed by a plaintiff governs the jurisdictional amount inquiry, unless made in bad faith. The plaintiffs argue that since they have imposed a $35,000 ceiling on compensatory damages in good faith, the Court must grant their motion to remand. Georgia–Gulf challenges the alleged amount in controversy primarily on two grounds: (1) the plaintiffs seek punitive damages; and (2) the plaintiffs seek an award for attorney's fees.

1. 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845   (1938).

### A. Punitive Damages and the Actual Amount in Controversy

Georgia–Gulf's first challenge to the alleged amount in controversy arises from the plaintiffs' request for punitive damages. Georgia–Gulf argues that in a class action, the punitive damage claims of the entire class may be aggregated for comparison against the jurisdictional amount.

The Court notes the plaintiffs have not requested a specific amount of punitive damages. They *have* imposed on themselves a $35,000 ceiling on any individual award of compensatory damages, but that ceiling does not apply to punitive damages.[2] In this situation, *De Aguilar v. Boeing Co.*[3] requires Georgia–Gulf to prove by a preponderance of the evidence that the actual amount in controversy exceeds $50,000.

Although not cited by the parties, *Allen v. R & H Oil & Gas Co.*,[4] a recent Fifth Circuit case, controls the resolution of this issue. *Allen* holds that the punitive damage claims of class members may be aggregated to reach the jurisdictional amount if the claims represent a single right in which the plaintiffs have a common and undivided interest. Multiple punitive damage claims are likely to represent a single right if: (1) the claims arise from the same legal source; and (2) the defendant has no interest in the apportionment of an award of punitive damages.[5]

Applying the *Allen* analysis, the Court holds that the punitive damage claims in the present case may be aggregated. Like the Mississippi law at issue in *Allen*, Louisiana law considers the purpose of punitive damages to be punishment and deterrence, not compensation.[6] Moreover, a particular plaintiff's damages are relevant only to the extent they help measure a defendant's wrongdoing. These considerations suggest *Allen's* first requirement has been met. And as the Fifth Circuit stated in *Allen*: "In class actions ... the defendant's potential exposure to a large punitive damage award is not affected by the failure of individual claims as long as one plaintiff is successful. Accordingly, in that situation, the defendant has no interest in the distribution of the award...." [7] Thus, the defendant has met all the requirements set forth in *Allen*.

In conclusion, the Court holds that the punitive damage claims in this case represent a single right to recovery and may be aggregated. The aggregate amount must be counted against every class member. The Court also finds that the aggregated punitive damage claims meet the jurisdictional amount requirement of section 1332. Hence, the Court has diversity jurisdiction over the claims of every class member.

### B. Attorney's Fees and the Actual Amount in Controversy

Georgia–Gulf's second challenge to the alleged amount in controversy arises from the possibility the plaintiffs might be awarded attorney's fees at the conclusion of trial. For purposes of this challenge, Georgia–Gulf is willing to assume that the plaintiffs will recover no more than $35,000 each in compensatory damages.[8] However, Georgia–Gulf points out that under Louisiana Code of Civil Procedure article 595, a Louisiana court may award a representative party in a class action his reasonable expenses of litigation, includ-

---

**2.** The ceiling appears to violate Louisiana Code of Civil Procedure article 893, which generally prohibits a plaintiff from alleging a specific dollar amount of damages. That article *does* allow a plaintiff to generally allege that his damages are less than the federal jurisdictional amount.

**3.** 11 F.3d 55 (5th Cir.1993).

**4.** 63 F.3d 1326 (5th Cir.1995).

**5.** *Allen,* 63 F.3d at 1330–31.

**6.** *See, e.g., Billiot v. B.P. Oil Co.,* 645 So.2d 604, 612 (La.1994) ("[P]unitive damages are sums awarded apart from any compensatory or nomi-

nal damages, usually as punishment or deterrence levied because of particularly aggravated misconduct on the part of the defendant.").

**7.** *Allen,* 63 F.3d at 1334.

**8.** Because Georgia–Gulf makes this concession, it is unnecessary for the Court to address the issue whether Louisiana law would bind the plaintiffs to their self-imposed ceiling on compensatory damages. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

ing attorney's fees. Georgia–Gulf contends that once an award of attorney's fees is added to the named plaintiffs' claims for compensatory damages, those claims become worth more than $50,000 each, and the Court has diversity jurisdiction over those claims. Georgia–Gulf further argues that if the Court has diversity jurisdiction over the claims of the named plaintiffs, then under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over the claims of the unnamed plaintiffs. The plaintiffs have not addressed the possibility that an award of attorney's fees might push them over the jurisdictional amount.

*In re Abbott Laboratories,*[9] a recent Fifth Circuit case, is dispositive of the issue. In *Abbott Laboratories,* the plaintiffs filed a class action lawsuit in Louisiana state court and only asked for $20,000 in damages. The defendants pointed out that under Article 595, the state court could award attorney's fees to the plaintiffs should the plaintiffs prevail. Arguing that such an award might well push the named plaintiffs' claims above the jurisdictional amount, the defendants removed the suit to the Middle District of Louisiana. The district court agreed with the defendants, and the Fifth Circuit, emphasizing that an award of attorney's fees would be distributed solely to the named plaintiffs, affirmed the district court on that issue. The Fifth Circuit also stated that under section 1367, the district court could exercise supplemental jurisdiction over the unnamed plaintiffs.

Comparing *Abbott Laboratories* to the present case, if the addition of attorney's fees to a claim for $20,000 is likely to push the total beyond the jurisdictional amount, then even more so is the addition of attorney's fees to a claim for $35,000 likely to push the total beyond the jurisdictional amount. Although the plaintiffs in the present case have not expressly asked for attorney's fees, Article 862 makes such a request unnecessary.

■ In conclusion, the Court holds that Georgia–Gulf has proven by a preponderance of the evidence that the amount in controversy with respect to each of the named plaintiffs, after taking into account a possible award of attorney's fees, exceeds $50,000. The Court therefore has diversity jurisdiction over the claims of those plaintiffs. Furthermore, the Court chooses to exercise the supplemental jurisdiction which it has over the claims of the unnamed plaintiffs.

## C. The Plaintiffs' Post–Removal Stipulation

The final issue left to address is the effect, if any, to be given a stipulation executed by the plaintiffs. As noted earlier, this suit was removed on May 5. On May 31, more than three weeks after removal, the plaintiffs executed a document in which they unilaterally stipulated "that no plaintiff herein shall be entitled to receive in excess of $35,000.00 in damages, including but not limited to, compensatory, punitive, legal interest and attorney fees." The document is attached as an appendix to the plaintiffs' memorandum supporting their motion to remand.

■ The general rule is that post-removal stipulations executed by a plaintiff have no effect on a federal court's subject matter jurisdiction.[10] However, the Fifth Circuit has held that in limited circumstances, a federal court may consider such a stipulation in deciding whether to remand a case. Specifically, a federal court may consider such a stipulation if: (1) the state court complaint does not specify an amount of damages; (2) the defendant offers only conclusory statements in his notice of removal; and (3) the plaintiff timely contests removal with a sworn, unrebutted affidavit indicating the amount in controversy to be less than $50,000.[11]

**9.** 51 F.3d 524 (5th Cir.1995).

**10.** *See, e.g., Marcel v. Pool Co.,* 5 F.3d 81 (5th Cir.1993).

**11.** *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimi-* ca de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), *cert. denied sub nom. Dow Chemical Co. v. Asociacion Nacional de Pescadores Pequena Escala Artesanales de Colombia,* — U.S. —, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).

Based on the above analysis, the Court refuses to consider the stipulation. The plaintiffs' self-imposed $35,000 ceiling is tantamount to a request for $35,000. At a minimum, the state court complaint cannot be said to be silent as to the specific amount of damages. The removal notice also contains detailed reasons why Georgia–Gulf feels the amount in controversy exceeds the jurisdictional amount. Furthermore, the stipulation cannot be considered unrebutted, since Georgia–Gulf continues to offer detailed reasons why it believes the amount in controversy exceeds the jurisdictional amount. Finally, it must be recognized that even if the Court were to consider the stipulation, it does not necessarily follow that an aggregated award of punitive damages would be less than the jurisdictional amount.

Therefore:

**IT IS ORDERED** that the plaintiffs' motion to remand be and it is hereby **DENIED.**