Keith JOHNSON, Individually, and All Other Similarly Situated Plaintiffs

v.

DIRECTV, INC.

No. CIV. A. G–99–415.

United States District Court, S.D. Texas, Galveston Division.

Sept. 21, 1999.

Cris A. Rasco, Dallas, TX, for Keith Johnson, Individually, and All Other Similarly Situated Plaintiffs.

Rodney Acker, Jenkens & Gilchrist, Dallas, TX, Andrew E. Paris, Kirkland & Ellis, Los Angeles, CA, for Directv, Inc., defendants.

## ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

On June 10, 1999, Plaintiff filed this deceptive trade practices suit as a class action in the 239th Judicial District Court of Brazoria County, Texas. Defendants timely removed the case to this Court on July 12, 1999. Now before the Court is Plaintiff's Motion to Remand. For the reasons set forth below, this motion is **GRANTED.**

Defendant removed the case based upon diversity jurisdiction. The Court finds, however, that the requirements for diversity jurisdiction are not met because the amount in controversy does not exceed $75,000.

The parties do not dispute that there is complete diversity of citizenship between the Plaintiff and the Defendant. The Plaintiff is a citizen of the state of Texas, and the Defendant is a corporation organized and existing under the laws of the state of California, with its principal place of business in El Segundo, California.

The key issue in resolving the motion before the Court is whether the amount in controversy exceeds $75,000. As Defendant correctly noted in its Motion in Opposition to Remand, a defendant seeking removal bears the burden of persuading the Court, based on a *preponderance* of the evidence, that the amount in controversy is at least $75,000.[1] *See Luck-*

---

[1] In his motions before the Court, Plaintiff urged that the burden of persuasion imposed on a defendant seeking removal was to prove to a *legal certainty* that the amount in controversy exceeds $75,000. Plaintiff is mistaken. The "legal certainty" test is only appropriate when the amount in controversy is contested in an action *originally* commenced in federal court. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938). In the Fifth Circuit, a preponderance standard is used in the removal context where plaintiff has alleged an indeterminate amount of damages.

Possibly Plaintiff's confusion derives from another source. In the removal context, once the removing defendant shows by a preponderance of the evidence that the requisite amount in controversy exceeds $75,000, the plaintiff can still defeat removal by showing

ett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999); De Aguilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir.1995). The Court finds that the Defendant has failed to meet that burden.

Defendant offers two arguments to meet this burden. The first argument involves the claim that the attorneys' fees associated with prosecuting the entire class action will more likely than not exceed $75,000, and furthermore that this amount can be attributed to the named class representative for purposes of meeting the requisite jurisdictional amount. The Court is not persuaded. First, it is not facially apparent that attorneys' fees would exceed $75,-000, nor does Defendant offer any evidence beyond conclusory statements that attorneys' fees would exceed this amount. If class certification ultimately occurs, attorneys' fees will likely vastly exceed such amount. But, if not, Plaintiff's counsel may wind up dismissing this case for a pittance.

■ Further, the Court is not convinced that the attorneys' fees associated with prosecuting a class action lawsuit under Texas law may properly be attributed to the named class representative for jurisdictional purposes. The authorities relied on by Defendant for this proposition either did not involve a named representative in a class action, or dealt with seemingly unique Louisiana statutory provisions. See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998)(not a class action); In re Abbott Laboratories, 51 F.3d 524 (5th Cir.1995)(Louisiana statutes); In re Norplant Contraceptive Prod. Liab. Litig., 918 F.Supp. 178 (E.D.Tex.1996)(dealing with a Louisiana redhibition statute); Kimball v. Modern Woodmen of Am., 939 F.Supp. 479 (M.D.La.1996) (citing In re Abbott and a Louisiana statute).

■ Defendant's second argument to meet its burden of persuasion is to claim that the punitive damages the class might recover in this action could be "aggregated" for purposes of meeting the requisite $75,000 amount in controversy threshold. As authority for this proposition, Defendant relies primarily on Allen v. R & H Oil & Gas Co., 63 F.3d 1326 (5th Cir.1995) and this Court's opinion in Acosta v. Amoco Oil Co., 978 F.Supp. 703 (S.D.Tex.1997). But there are two difficulties with Defendant's approach.

■ The principal difficulty is that Allen can no longer be given the expansive reading Defendant urges. Generally, multiple plaintiffs may not "aggregate" their individual punitive damage claims for jurisdictional purposes. See Lindsey v. Alabama Tel. Co., 576 F.2d 593, 594 (5th Cir.1978)("Of course, the claims of several plaintiffs, suing as members of a class, cannot be aggregated for the purpose of satisfying the jurisdictional predicate."). Allen carved out an exception to the Lindsey anti-aggregation rule by permitting multiple plaintiffs to aggregate punitive damages for claims brought under Mississippi law. See Allen, 63 F.3d at 1333 ("Accordingly, while punitive damages do not fall neatly into either the 'non-aggregation' caselaw or the 'common and undivided interest' exception, the unique nature of these awards requires, at least in Mississippi, that the full amount of alleged damages be counted against each plaintiff in determining the jurisdictional amount."). The seeming generality of the Allen analysis lead this Court to adopt that reasoning and apply it to cases brought under Texas law. See Acosta, 978 F.Supp. at 706 (holding that while "the Fifth Circuit has not addressed this issue under Texas law, this Court finds persuasive the reasoning in Allen as it applies to punitive damages under Texas law.").

However, one year after this Court's Acosta decision, the Fifth Circuit revisited the issue of aggregation of punitive damages, and confined the Allen exception to

that, to a legal certainty, the amount in controversy does not exceed $75,000. See DeAg-

uilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995).

cases brought under Mississippi law. "It is therefore clear to us that *Allen* departs from *Lindsey* solely because of the peculiar nature of punitive damages under Mississippi law, and does not purport to establish a precedent for aggregation of punitive damage claims asserted under federal law or the law of any other state." *Ard v. Transcontinental Gas Pipe Line Corp.* 138 F.3d 596, 602 (5th Cir.1998). Because the *Allen* exception has now been confined to cases brought under Mississippi law, the original *Lindsey* anti-aggregation rule must apply to cases brought under Texas law. Defendant accordingly fails in its attempt to meet the $75,000 jurisdictional threshold by aggregating Plaintiffs' punitive damage claims.

■ Even if the *Allen* exception had not been limited by *Ard,* Defendant's aggregation approach would not succeed. The instant action is a putative class action. Neither *Allen* nor *Acosta* were class action suits. Defendant's reliance on these cases as authority for the proposition that aggregation is permissible in the class action context is therefore misplaced.

For class actions, *Lindsey* is the pertinent precedent. In *Lindsey,* the named class representative sought $2000 in compensatory damages for himself, an unspecified amount of compensatories for the other class members, and $1,000,000 in punitive damages on behalf of the class. *See Lindsey,* 576 F.2d at 595. If aggregation of punitive damages were permissible in the class action context, a well pleaded complaint seeking $1,000,000 in punitive damages on behalf of a class would easily meet the jurisdictional threshold. Yet the aggregation principle was rejected in *Lindsey.* "Significantly, the complaint nowhere alleges the number of persons in the class, an allegation that would have permitted the court to ascertain what dollar amount represents the 'amount in controversy' for each member of the class." *Id.* Logically, the number of persons in a class is utterly irrelevant if the aggregation principle may be used in the class

action context; the only relevant factor would be the total or aggregate amount of punitive damages alleged. Since the *Lindsey* court instead found class numerosity highly relevant, *Lindsey* implicitly but unmistakably rejects the aggregation principle in the class action context. *See also Granier v. Eparka Shipping, Inc.,* No. 94–3990, 1995 WL 91129 at *2 (E.D.La. Mar.1, 1995)(applying similar reasoning to a class action suit).

Because diversity jurisdiction does not afford the Court jurisdiction over the subject matter of this action, 28 U.S.C. § 1332(a), it must remand **FOR WANT OF SUBJECT MATTER JURISDICTION** pursuant to 28 U.S.C. § 1447(c). Accordingly, this case is **REMANDED** to the 239th Judicial District Court of Brazoria County, Texas, from whence it was removed.

Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand for lack of subject matter jurisdiction is unreviewable, by appeal, mandamus, or otherwise. *See also Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S.Ct. 494, 496–497, 133 L.Ed.2d 461 (1995); *Angelides v. Baylor College of Medicine,* 117 F.3d 833, 835 (5th Cir.1997); *Linton v. Airbus Industrie,* 30 F.3d 592, 600 (5th Cir.1994); *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1024, 1027 (5th Cir.1991). The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. *Any* and *all* further relief shall be sought from the appropriate Texas state court. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**