Randall **CORLEY** and Pamela Corley and
on behalf of all others similarly situated
within the State of Texas, Plaintiffs,

v.

**SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant.**

No. 2–96cv–09.

United States District Court,
E.D. Texas,
Marshall Division.

April 29, 1996.

Mike McKool, Jr., Samuel Franklin Baxter, McKool Smith, P.C., Dallas, Texas, for plaintiff.

Robert E. Davis, Davis, LeClair, Loegering & Daniel, Dallas, TX, James N. Haltom, Patton, Haltom, Roberts, McWilliams & Greer, L.L.P., Texarkana, TX, Alan B. Rich, Friedman, Driegert & Hsueh, Dallas, TX, for defendant.

### *MEMORANDUM OPINION AND ORDER*

FOLSOM, District Judge.

Pending before the Court is Plaintiffs' Motion to Remand. For the following reasons the Court finds the motion is not well taken and is hereby denied.

### *FACTS AND PROCEDURAL HISTORY*

Plaintiffs Randall and Pamela Corley, individually and on behalf of a class of others

similarly situated, filed suit against Southwestern Bell (hereinafter "SWB") asserting claims under the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Antitrust Act in connection with SWB's marketing of inside wire maintenance services to the Corleys and the members of the class. Plaintiffs also allege fraudulent misrepresentation on the part of SWB in soliciting the inside wire maintenance services orally and through its billing inserts.

Plaintiffs originally filed suit in the 115th Judicial District Court of Marion County, Texas. SWB subsequently removed the case to this Court on the basis of diversity of citizenship and amount in controversy exceeding $50,000. Plaintiffs moved to remand, contending that removal was untimely because it was not made within thirty days of SWB's receipt of the First Amended Petition. Plaintiffs also contend that the requisite amount in controversy cannot be established by SWB, thus this Court lacks subject matter jurisdiction.

In order to analyze the parties' positions regarding the propriety of removal, it is necessary to consider the procedural events preceding Plaintiffs' motion to remand:

February 6, 1995   \*   Plaintiffs filed suit in Marion County District Court against SBC Communications, SWB's parent corporation.

April 3, 1995   \*   Plaintiffs filed 1st Amended Petition naming SWB as the sole defendant. 1st Amended Petition stated that "the damages of each class member do not exceed $1,000." It asserted claims for punitive damages.

December 6, 1995   \*   SWB propounded requests for admissions to Plaintiffs requesting that Plaintiffs admit that they are seeking to recover punitive damages on behalf of the proposed class in an amount that exceeds $50,000.

December 20, 1995   \*   Plaintiffs filed 2nd Amended Petition. Plaintiffs eliminated their claims for punitive damages. Contemporaneously, Plaintiffs filed a stipulation with the state court wherein they stated that each of the Plaintiffs limited their damages to an amount not to exceed $50,000. The stipulation further stated that it did not apply to the claims of any absent class members whom Plaintiffs seek to represent.

January 8, 1996   \*   Plaintiffs served responses to SWB's requests for admissions, denying they are seeking an award of punitive damages or an amount that exceeds $50,000, "at this time."

January 19, 1996   \*   SWB filed a notice of removal asserting diversity of citizenship.

February 20, 1996   \*   Plaintiffs filed a motion to remand claiming that SWB failed to remove this action in a timely manner and that this Court lacks subject matter jurisdiction.

As stated, Plaintiffs' argument for remanding this case is two-fold. First, Plaintiffs assert that removal was untimely. Plaintiffs maintain that SWB contends that the amount in controversy is satisfied by the claims for punitive damages contained in Plaintiffs' Original Petition and First Amended Petition. According to the Plaintiffs' account of SWB's basis of removal, the First Amended Complaint constitutes an amended pleading from which it may first be ascertained that the case is removable pursuant to 28 U.S.C. § 1446(b). As a result, SWB was required to file its Notice of Removal within 30 days after receipt of that amended pleading, which was on or about April 3, 1995. Because SWB failed to file its Notice of Removal within that 30–day time period, removal was untimely.

Second, Plaintiffs dispute subject matter jurisdiction in this Court. They claim that the requisite amount in controversy is not satisfied by the claim for punitive damages asserted in the First Amended Petition, because this claim is omitted in the Second Amended Petition. The Second Amended Petition superseded the First Amended Petition, and, Plaintiffs point out, a defendant's right to remove is to be determined according to the plaintiff's pleading at the time of removal.

SWB refutes Plaintiffs' view of its removal, claiming that its basis for removal is premised upon Plaintiffs' bad faith manipulation of the pleadings in this case, "namely the filing of the Second Amended Petition, the Stipulation, and the Responses," and that "but for such manipulation, Plaintiffs would have admitted that they seek millions of dollars in punitive damages on behalf of the putative

class." [1] Accordingly, SWB argues, the thirty-day period under 28 U.S.C. § 1446 began running, at the latest upon SWB's receipt on January 8, 1996, of the Plaintiffs' Responses to Request for Admissions, and not with the filing of the First Amended Petition. The First Amended Petition did not specify the amount of compensatory or punitive damages sought.

Additionally, SWB claims that Plaintiffs are mischaracterizing its basis for removal, as it does not contend that the claim for punitive damages in the First Amended Petition satisfies the amount in controversy requirement of § 1332. Rather, SWB states that "but for the fraudulent conduct [of Plaintiffs], Plaintiffs would have admitted in their Responses [to Requests for Admissions] that they seek punitive damages in the million of dollars on behalf of their putative class of over five million proposed class members." [2]

## ANALYSIS

### I. TIMELINESS

█ The timeliness of removal is governed by 28 U.S.C. § 1446(b) which states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty days after the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except

that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)

Plaintiffs filed their First Amended Petition on April 3, 1995. This petition contained a claim for punitive damages. Plaintiffs filed their Second Amended Petition on December 20, 1995, omitting their claim for punitive damages. SWB removed the case on January 19, 1996.

According to the Plaintiffs, SWB should have removed the case within thirty days of the receipt of the First Amended Petition, because it is an amended pleading from which it may first be ascertained that the case is removable. SWB disagrees and relies on the service of the responses to the requests for admissions as the "other paper" from which it may first be ascertained that the case is removable. SWB served requests for admissions on Plaintiffs and asked Plaintiffs to admit or deny whether they seek to recover from SWB an award of punitive damages on behalf of the proposed class in an amount that exceeds $50,000. Plaintiffs denied the requests with the proviso "at this time." [3] It is the responses to the requests for admissions that SWB contends trigger the running of the thirty day limitation period to remove—not the First Amended Petition.

SWB points out that the First Amended Petition did not specify the amount of damages sought, and according to *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), when a plaintiff fails to specify the amount of damages in its initial pleadings, a defendant has the option of not removing the action until the specific amount of such damages has been determined through, for example, written discovery such as an interrogatory. SWB maintains that its notice of removal was timely filed in accordance with

---

1. Defendant's Opposition to Plaintiffs' First Amended Motion to Remand and Defendant's Request for Oral Hearing, p. 6.

2. *Id.* at p. 12.

3. For example, Request for Admission No. 1 stated: "You seek to recover from Southwestern Bell in this Lawsuit an award of punitive or exemplary damages on behalf of the proposed class in an amount that exceeds $50,000.00." Plaintiffs' responded: "At this time, DENIED (See Plaintiffs' Second Amended Original Petition)."

§ 1446(b) because the thirty-day period began running on January 8, 1996 when SWB received the responses. SWB further contends that the responses verify plaintiffs' fraudulent attempt to deprive SWB of its right to remove. Plaintiffs answer this contention by asserting that SWB's reliance on *Chapman* is misplaced. The Court disagrees and finds that based on the rule in *Chapman*, removal was timely.

The Fifth Circuit Court of Appeals in *Chapman* adopted a bright line rule requiring a plaintiff wishing the thirty-day time period to run from a defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages exceed the federal jurisdictional amount. The procedural facts of *Chapman* are similar to the facts before the Court. Plaintiff was injured by a wood planer manufactured by defendant. Plaintiff's attorney advised defendant by letter that it was a potential defendant and that plaintiff had incurred medical bills in the amount of $67,196.48. Plaintiff also provided the defendant with copies of his medical bills. Plaintiff eventually sued the defendant in state court on June 28, 1990. Defendant received the petition on July 10, and filed its answer on July 26, 1990. The petition did not plead for a specific amount of damages. Defendant then received the plaintiffs' answers to interrogatories on August 17 wherein the plaintiff stated that he had suffered damages in excess of $800,000. Ten days later, the defendant removed the case to the United States District Court for the Northern District of Texas, and the plaintiff filed a motion to remand. The remand motion was based on the plaintiff's argument that removal was not timely because the initial pleading revealed there was diversity of citizenship and the defendant knew the damages exceeded $50,000. The district court denied the motion and the plaintiff appealed.

The Fifth Circuit rejected the plaintiff's position and concluded that "for purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163. SWB points to the fact that the First Amended Petition, which is the initial pleading against it, did not affirmatively reveal on its face the amount of damages sought by Plaintiffs.[4] Accordingly, based on the "bright line" rule enunciated in *Chapman*, SWB did not have to remove the case until it was able to ascertain the removability of the case.[5] SWB was able to determine this when it received the Plaintiffs' responses to requests for admissions on January 8, 1996. The Court finds that removal was timely in accordance with § 1446(b).

## II. AMOUNT IN CONTROVERSY

Plaintiffs contend that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $50,000 as required by 28 U.S.C. § 1332 as a basis of federal court jurisdiction. Plaintiffs' First Amended Petition contained a claim for punitive damages. It is this pleading that Plaintiffs contend SWB relies upon to satisfy the amount in controversy requirement. Plaintiffs argue that the First Amended Petition was superseded by the Second Amended Petition, which omits the claim for punitive damages, and that a defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of removal.

SWB premises its removal upon Plaintiffs' filing of the Second Amended Petition, which deletes the Plaintiffs' claim for punitive damages which had been included in the First

---

**4.** The Original Petition named SBC Communications Inc. as the sole defendant. SBC Communications, Inc. is SWB's parent corporation. SWB was substituted as the defendant in the First Amended Petition.

**5.** The Fifth Circuit specifically stated that it was adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run

from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount. This "promotes certainty and judicial efficiency by not requiring the courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, at 162.

Amended Petition in an unspecified amount. SWB also premises removal on the Stipulation, which limited the named Plaintiffs' damages to less than $50,000.00, but did not apply to the claims of any putative class members; and, the Responses to the Requests for Admissions, which placed a qualification on Plaintiffs' denial of seeking damages in excess of $50,000.00. SWB contends that but for the Plaintiffs' "manipulation," they would be seeking damages in excess of the jurisdictional minimum.

■ The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961). To the extent a court might harbor some doubt as to whether a case may be removed, the doubts must be resolved in favor of nonremoval. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689 (5th Cir.1995). SWB premises jurisdiction on 28 U.S.C. § 1332, and thus must establish that there is diversity of citizenship and that the amount in controversy exceeds $50,000. At issue in this case is the amount in controversy requirement. Because Plaintiffs have alleged an indeterminate amount of damages, SWB must produce evidence that proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. *De Aguilar v. Boeing Company*, 47 F.3d 1404 (5th Cir.1995). If SWB meets this burden, removal is proper unless it appears to a legal certainty that Plaintiffs' claims are actually for less than the jurisdictional amount. *Id.*

■ The Court finds that SWB has proven by a preponderance of the evidence that the amount in controversy exceeds $50,000. First, there is the First Amended Petition which contained a claim for punitive damages. While the amount of punitive damages was not specified, given that the number of plaintiffs and potential plaintiffs is expected to approach 5 million, an award of punitive damages would clearly exceed the minimum amount required.[6]

■ Plaintiffs assert that an award of punitive damages could not be aggregated. However, according to precedent in this circuit and district, if the punitive damages are a single collective right in which the class has a common and undivided interest, the damages can be considered in the aggregate for purposes of meeting the requisite amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995); *In re Norplant Contraceptive Products Liability Litigation*, 907 F.Supp. 244 (E.D.Tex.1995).

To allow SWB to look to the punitive damages claim contained in the First Amended Petition to establish the minimum amount in controversy requirement does not run afoul of the Court's previous finding that removal was timely. *Chapman* directs that the First Amended Petition was not removable pursuant to the first paragraph of 28 U.S.C. § 1446(b) because it did not reveal on its face that the amount in controversy exceeded $50,000. However, SWB could have chosen to remove the case upon its receipt of the First Amended Petition. As suggested in *Chapman*, "[s]hould a defendant choose to remove a case within thirty days from its receipt of an initial pleading that does not reveal on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum, the federal court may either: (1) look to the petition for removal, (2) make an independent appraisal of the amount of the claim, or (3) remand the action" *Chapman*, 969 F.2d at 163, n. 6.

The First Amended Petition is but part of SWB's proof supporting a finding of jurisdiction. The responses to the requests for admissions, the Stipulation and the Second Amended Petition are all evidence that proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. Plaintiffs contend that the Second Amended Petition should control because it deletes the punitive damage claim and superseded the First Amended Petition. Plaintiffs claim that the Second Amended Petition does not state a claim for damages above the minimum

---

6. Counsel for SWB pointed out at the hearing on Plaintiffs' Motion to remand that if each Plaintiff   is awarded one cent in punitive damages, the minimum jurisdictional amount is satisfied.

amount. *De Aguilar* states that the jurisdictional inquiry "does not end merely because the plaintiff alleges .damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith." *De Aguilar*, 47 F.3d at 1410.

While it is true that "the plaintiff is the master of his ... complaint,"[7] this does not allow a plaintiff to manipulate his pleadings to evade federal jurisdiction when he knows his claim is worth more. The Fifth Circuit in *De Aguilar* stated

[Texas rules prohibiting plaintiffs from pleading specific amounts of damages] have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith.

*Id.*

There is no question but that Plaintiffs attempted to evade removal, and admittedly so.[8] After receiving SWB's requests for Admissions, which were directed at the amount of damages being claimed, Plaintiffs filed the Second Amended Petition. This Second Amended Petition omitted Plaintiffs' previous claim for punitive damages.[9] On the same day, Plaintiffs filed the Stipulation wherein they limited the named Plaintiffs damages to less than $50,000. Although an attempt to circumvent the jurisdictional minimum, the Stipulation is not binding in that it does not commit the putative class members to relinquishing any claims they might have in excess of $50,000. Arguably, Plaintiffs could again amend their petition, upon remand, to seek damages in excess of $50,000 on behalf of the unnamed Plaintiffs.[10] Plaintiffs' attempt to establish to a legal certainty that the claims are really for less than the jurisdictional amount falls short of the Fifth Circuit's suggestion in *De Aguilar* that " '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints....' " *Id.* at 1412, *quoting, In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Plaintiffs' stipulation is not binding on all potential class members.

Additionally, Plaintiffs' responses to SWB's requests for admissions did not sufficiently deny that Plaintiffs were seeking damages in excess of $50,000. As stated previously, SWB served requests for admissions on Plaintiffs and asked Plaintiffs to admit or deny whether they seek to recover from SWB an award of punitive damages on behalf of the proposed class in an amount that exceeds $50,000. Plaintiffs denied the requests with the proviso "at this time." Again, this is proof of Plaintiffs' unwillingness to foreclose the possibility of amending their pleadings to seek damages in excess of $50,000 after the case was remanded.

Based on the foregoing, the Court agrees with SWB's position that but for Plaintiffs' manipulation of the pleadings, Plaintiffs would be seeking damages in excess of $50,000. Accordingly, the Court finds that SWB has carried its burden of establishing by a preponderance of the evidence the jurisdictional minimum, and Plaintiffs have failed to prove to a legal certainty that their claim

---

**7.** Plaintiffs' Brief in Support of Motion to Remand, p. 14 *quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

**8.** Plaintiffs' state in their brief in support of their motion to remand "[t]here is nothing improper, much less fraudulent about Plaintiffs' deletion of the claims for punitive damages in the Second Amended Petition, even if it were done for purpose of preventing Southwestern bell from removing the case." Plaintiffs' Brief in Support of Motion to Remand, p. 14, 15.

**9.** SWB contends that assuming *arguendo* that the Second Amended Petition was sufficient to avoid removal, it should be stricken because Plaintiffs did not obtain leave of the state court to dismiss the claim for punitive damages pursuant to Rule 42(e) of the Texas Rules of Civil Procedure. The Court does not address this issue because of the finding that the Second Amended Petition's omission of a punitive damages claim does not defeat removal.

**10.** Plaintiffs' counsel candidly admitted to the Court at the hearing on Plaintiffs' Motion to Remand that, upon remand, Plaintiffs do not foreclose the notion of amending the pleadings to seek damages in excess of $50,000.

does not exceed $50,000. The Court denies Plaintiffs' Motion to Remand.

Plaintiffs' Motion to Remand also requested attorney fees, costs and expenses pursuant to 28 U.S.C. § 1447(c). Said request is denied in light of the Court's denial of the motion.