Revised February 16, 2001

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41443

_____

FRANK E. COGHLAN, III, on behalf of themselves and all other
similarly situated persons; JOANNA L. COGHLAN, on behalf of
themselves and all other similarly situated persons,

Plaintiffs-Appellants,

versus

WELLCRAFT MARINE CORPORATION; GENMAR INDUSTRIES,
INC.; GENMAR HOLDINGS, INC.; AQUASPORT MARINE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

January 26, 2001

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        The Coghlans, dissatisfied boat purchasers, appeal from

the district court's *sua sponte* dismissal of their case for failure

to state a claim.  Because they have stated several legally

cognizable claims upon which relief might be granted, we reverse

and remand in part, and affirm in part.

BACKGROUND

In May 1998, the Coghlans, residents of Texas, purchased an Aquasport 205, a type of recreational fishing boat manufactured by Wellcraft Marine Corporation. Wellcraft is a Delaware corporation with its principal place of business in Florida. The boat cost about $28,000. The Coghlans' purchase was motivated, at least in part, by Wellcraft's marketing campaign for this line of boats, which emphasized the advantages of all-fiberglass construction. In addition to rot-resistance and durability, it is generally believed among mariners that all-fiberglass boats tend to hold their value better than their wood-fiberglass hybrid counterparts.

The Coghlans assert that they relied on Wellcraft's representations that the Aquasport 205 was made entirely of fiberglass. A few months after the purchase, they discovered that the deck of the Aquasport 205 is actually composed of 1.5 inches of plywood encased entirely within fiberglass. Disappointed by this revelation, the Coghlans filed suit against Wellcraft, seeking class certification on behalf of all similarly situated Aquasport owners.

The Coghlans' suit alleged a claim against Wellcraft under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301-2312, for breach of the implied statutory warranty of fitness for a particular purpose. They also pled state law claims for fraud,

negligent misrepresentation, breach of contract, deceptive trade practices, unjust enrichment and civil conspiracy. In response to this laundry list of accusations, Wellcraft filed a limited motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal on the pleadings of the MMWA and civil conspiracy claims.

The district court independently analyzed the pleadings and concluded that the Coghlans had failed to allege any real damages, a required element for each of their causes of action. The court went well beyond the scope of the 12(b)(6) motion before it and *sua sponte* ordered all the Coghlans' claims dismissed, pending a satisfactory attempt to re-plead.

The Coghlans attempted in an amended pleading to cure the deficiencies identified by the district court, but the court again concluded that the Coghlans had failed to assert the requisite "palpable injury." The court denied leave to file the amended complaint and reiterated its order dismissing all claims. The Coghlans timely appealed.

## DISCUSSION

The question whether the Coghlans alleged facts stating a justiciable controversy is a matter of law, reviewed *de novo*. *See* <u>Southwest Livestock and Trucking Co. v. Ramon</u>, 169 F.3d 317 (5th Cir. 1999); <u>Treaty Pines Invs. v. Commissioner of Internal</u>

3

Revenue, 967 F.2d 206, 210 (5th Cir. 1992).[1]  While the trial court's denial of the motion to amend is reviewed for abuse of discretion by this court, the discretion of the district court is limited by Fed. R. Civ. P. 15(a), which provides that "leave [to amend] shall be freely given when justice so requires.".  Lowery v. Texas A&M Univ. System, 117 F.3d 242, 245-46 (5th Cir. 1977).  It contravenes the liberal pleading presumption of Rule 15(a) and constitutes an abuse of discretion for a district court to deny a timely motion to amend where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.  *Id*. at 245.  A court may not dismiss on the pleadings if the allegations support relief on any possible theory.  Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

The district court did not consider whether Texas or Florida law, the only two arguable candidates, governs the Coghlans' various state claims; it dismissed after reviewing precedents borrowed from a variety of circuits and jurisdictions. On appeal, the Coghlans rely on Florida law, neglecting to demonstrate why it applies.[2]  But regardless whether Texas or

---

[1]  The Coghlans have not appealed the dismissal of their Magnuson-Moss Warranty Act claim or their civil conspiracy claim.  We do not consider these claims.  *See* United States v. Bigler, 817 F.2d 1139, 1140 (5th Cir. 1987); Zuccarello v. Exxon Corp., 756 F.2d 402, 407-08 (5th Cir. 1985).

[2]  State law governs these claims.  When deciding matters of state law, a federal court must apply the choice-of-law rules of the state in which it sits. *See* Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); De Aguilar v. Boeing Co., 47 F.3d 1404, 1413 (5th Cir. 1995).  Texas state courts use a choice-

Florida law is applied, the Appellants managed to plead several legally cognizable claims which should not have been dismissed on the pleadings alone.

The only damage sought by the Coghlans is the benefit of their bargain with Wellcraft, or the difference in value between what they were promised, an all fiberglass boat, and what they received, a hybrid wood-fiberglass boat. Along with the "out of pocket" damages formula, which measures the difference between what the plaintiff paid in consideration and what he actually received, "benefit of the bargain" is a standard method for measuring damages in fraudulent representation and certain contract cases. The benefit of the bargain measure of damages is neither novel nor exotic.[3] A simple example proffered by the Coghlans at oral argument makes the common-sense nature of benefit of the bargain damages clear: if a man buys what is represented to him as an 18k gold ring, but later discovers that the ring is merely 10k gold, he is entitled to the difference in value between the 18k ring that he bargained for and the 10k ring that he received.

of-law formula borrowed from section 6 and 145 of the Restatement (Second) of Conflict of Laws, and will apply the law of the state with the most significant relationship to a particular substantive issue. *See* Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 421 (Tex. 1984). Because the district court did not reach this issue, we do not address it. Spence v. Glock, 227 F.3d 308, 311-12 (5th Cir. 2000).

[3] For a discussion of "benefit of the bargain damages" vis-a-vis "out of pocket damage" see *Comment Note--"Out of Pocket" or "Benefit of the Bargain" as Proper Rule of Damages for Fraudulent Representation Inducing Contract for the Transfer of Property*, 13 A.L.R. 875 (1967).

Wellcraft and the district court misperceived the Coghlans' burden at the pleadings stage. Whether the Appellants may ultimately succeed in proving benefit of the bargain damages is a test that awaits discovery. If, however, such damages are theoretically available for the causes of action they have pled, dismissal on the pleadings was premature.

As the Coghlans contend, Texas and Florida permit recovery of benefit of the bargain damages in certain contexts. **See** Formosa Plastics Corp. v. Presidio Engineers and Contractors, 960 S.W.2d 41, 49-50 (Tex. 1997) (recognizing the "benefit of the bargain" measure of damages as remedy for common law fraud in Texas); Bankston Nissan v. Walters, 754 S.W.2d 127, 128 (Tex. 1988) (successful Deceptive Trade Practices Act plaintiffs may elect to receive either out-of-pocket damages or benefit of the bargain damages); Leyendecker v. Wechter, 683 S.W.2d 369, 373 (Tex. 1985) (Texas DTPA permits recovery of benefit of the bargain damages); DuPuis v. 79th St. Hotel, 231 So.2d 532, 536 (Fla. 3rd DCA 1970) (Florida courts have adopted both the "out of pocket" and "benefit of the bargain" rules in fraud cases and choose between them as circumstances require to do substantial justice); Martin v. Brown, 566 So.2d 890, 891 (Fla. 4th DCA 1990) (applying "benefit of the bargain" formula in a fraudulent representation case); Ft. Lauderdale Lincoln Mercury v. Corgnati, 715 So.2d 311, 314

6

(awarding benefit of the bargain-type damages for diminished value under the Florida Deceptive and Unfair Trade Practices Act); Gregg v. U.S. Industries, 887 F.2d 1462, 1466 (11th Cir. 1989) (reviewing the use of benefit of the bargain damages in Florida fraud actions).  Our task is to evaluate each of the Coghlans' state law claims for the availability of benefit of the bargain relief.

1) *Fraud*-- Texas and Florida both follow the "flexibility theory" in fraud actions, which permits a trial court to instruct the jury under either the out-of-pocket rule or the benefit of the bargain rule, whichever will more fully compensate the defrauded party.  Martha A. Gottfried, Inc. v. Amster, 511 So.2d 595, 599 (Fla. 4th DCA 1985); Formosa, 960 S.W.2d at 48; Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 817 (Tex. 1997). Therefore, regardless whether Texas or Florida law is applied, it was improper to dismiss the Coghlans' fraud claim on the pleadings; a fraud claim seeking benefit of the bargain damages is legally cognizable in both Texas and Florida.

2) *Deceptive Trade Practices*--The Coghlans also seek the benefit of their bargain under the consumer protection statutes of Texas or Florida. A successful Texas Deceptive Trade Practices Act (DTPA) plaintiff may recover under either the out-of-pocket rule or the benefit of the bargain rule.  Leyendecker v. Wechter, 683 S.W.2d 369,373 (Tex. 1985); Blackstone v. Dudley, 12 S.W.3d 131,

7

135 (Tex. App. 1999). The rule will be applied that affords a victorious Texas DTPA plaintiff the larger sum. <u>Leyendecker</u>, 683 S.W.2d at 373.

Similarly, Florida's Deceptive and Unfair Trade Practices Act (DUPTA) has been interpreted to allow victims of deceptive acts to recover the diminished value of their purchases. <u>Ft. Lauderdale Lincoln Mercury</u>, 715 So.2d at 313; <u>Urling v. Helms Exterminators</u>, 468 So.2d 451, 453 (Fla. 4th DCA 1985). The measure of damages in Florida DUTPA cases has been determined to be "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." <u>Rollins, Inc. v. Heller</u>, 454 So.2d 580, 585 (Fla. 3rd DCA 1984) (quoting from a Texas case, <u>Raye v. Fred</u> Oakley Motors, Inc., 646 S.W.2d 288, 290 (Tex. App. 1983)). While the Florida DUTPA cases do not use the phrase "benefit of the bargain" in describing this damages formula, the two are clearly synonymous: the value of the product as promised minus the value of the product delivered. Thus Texas's DTPA and Florida's DUTPA both recognize the legal cognizability of benefit of the bargain damages.

3) *Breach of Contract--* Benefit of the bargain damages are the very essence of a breach of contract action and are recoverable under both Texas and Florida contract law. An award of

8

damages for breach of contract is supposed to place the injured party as nearly as possible in the position that he would have occupied had the defaulting party performed the contract. <u>Stewart v. Bassey</u>, 245 S.W.2d 484, 486 (Tex. 1952); <u>Rector v. Larson's Marine, Inc.</u>, 479 So.2d 783, 785 (Fla. 2nd DCA 1985). The Coghlans assert that they were contractually entitled to an all-fiberglass boat but Wellcraft breached by delivering a wood-fiberglass hybrid. The Coghlans' alleged expectancy or benefit of the bargain is thus the difference in value between the boat which they claim they contracted for and the boat that was actually delivered to them.

In Florida, the non-breaching party to a contract is entitled to "insist upon the benefit of his bargain, and seek the damages that would place him in the position he would have been in had the contract been completely performed." <u>McCray v. Murray</u>, 423 So.2d 559, 561 (Fla. 2nd DCA 1982); *see also* <u>National Education Centers v. Kirkland</u>, 635 So.2d 33, 33 (Fla. 4th DCA 1994).

Similarly, under Texas contract law "[e]xpectancy damages, similar to benefit-of-the-bargain recoveries, award damages for the reasonably expected value of the contract." <u>Hart v. Moore</u>, 952 S.W.2d 90, 97 (Tex. App. 1997). Benefit of the bargain-type damages place the injured party in as nearly as possible the position that he would have occupied if the contract

9

had been properly performed. <u>Cook v. Rowhanian</u>,774 S.W.2d 679, 686 (Tex. App. 1989).

4) *Unjust Enrichment*-- The district court properly dismissed the Coghlans' unjust enrichment claim. In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists. <u>Woodard v. Southwest States, Inc.</u>, 384 S.W.2d 674, 675 (Tex. 1964); <u>Burlington Northern Railroad Co. v. Southwestern Electric Power Co.</u>, 925 S.W.2d 92, 97 (Tex. App. 1996). Unjust enrichment is an equitable remedy in Florida as well, used to strip ill-begotten, non-contractual benefits from a defendant. <u>N.G.I. Travel Associates v. Celebrity Cruises, Inc.</u>,764 So.2d 672, 675 (Fla. 3rd DCA 2000); <u>People's Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida</u>, 667 So.2d 876 (Fla. 3rd DCA 1996). An express contract governed the Coghlans' purchase of their boat, and no implied or quasi-contract will be found where an express contract exists.

5) *Negligent Misrepresentation*-- Texas courts have held that benefit of the bargain damages are not recoverable in a claim for negligent misrepresentation. <u>D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.</u>, 973 S.W.2d 662, 663 (Tex. 1998). In Texas negligent misrepresentation actions the plaintiff can recover only the amount

necessary to compensate for direct pecuniary loss. Metropolitan Life Insurance Co. v. Haney, 987 S.W.2d 236, 246 (Tex. App. 1999).

Florida has been less explicit in its treatment of this issue. However, it appears that Florida courts do allow the recovery of benefit of the bargain damages in negligent misrepresentation actions. *See* PK Ventures, Inc. v. Raymond James & Associates, Inc., 690 So.2d 1296 (Fla. 1997)(holding that "fraud in the inducement is an independent tort not barred by the economic loss rule); Wassal v. Payne, 682 So.2d 678 (Fla. 1st DCA 1996)(economic loss rule does not bar tort action based on fraudulent or negligent misrepresentations).

Because the district court did not reach the choice of law issue and because it appears that the Coghlans' negligent misrepresentation claim is legally cognizable in Florida, we must reverse the district court's dismissal of this claim and remand it as well.

In summary, we affirm the district court's dismissal of the Coghlans' unjust enrichment claim on the pleadings, but reverse and remand on the dismissal of the claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation and deceptive trade practices (DTPA/DUTPA). While we share the district court's implicit concern over the rise of "no-injury"

11

product liability law suits[4], the district court acted prematurely in dismissing this case *sua sponte* on the pleadings: the determination that there has been no injury in this case must be an evidentiary one, since the relevant state jurisdictions recognize benefit of the bargain damages for the claims that the Coghlans allege.

A final word is in order about federal court jurisdiction. On remand, the district court may refuse to exercise supplemental jurisdiction over the Coghlans' state law claims. See 28 U.S.C. § 1367(c). The only federal claim over which the district court had original jurisdiction, the MMWA action for breach of warranty, was dismissed. A district court may decline to exercise supplemental jurisdiction over state law claims in such circumstances. Because the Coghlans' boat cost only $28,000, it

---

[4] The key distinction between this case and a "no-injury" product liability suit is that the Coghlans' claims are rooted in basic contract law rather than the law of product liability: the Coghlans assert they were promised one thing but were given a different, less valuable thing. The core allegation in a no-injury product liability class action is essentially the same as in a traditional products liability case: the defendant produced or sold a defective product and/or failed to warn of the product's dangers. The wrongful act in a no-injury products suit is thus the placing of a dangerous/defective product in the stream of commerce. In contrast, the wrongful act alleged by the Coghlans is Wellcraft's failure to uphold its end of their bargain and to deliver what was promised. The striking feature of a typical no-injury class is that the plaintiffs have either not yet experienced a malfunction because of the alleged defect or have experienced a malfunction but not been harmed by it. Therefore, the plaintiffs in a no-injury products liability case have not suffered any physical harm or out-of-pocket economic loss. Here, the damages sought by the Coghlans are not rooted in the alleged defect of the product as such, but in the fact that they did not receive the benefit of their bargain. It is worth noting that the no-injury approach to product litigation has been rejected in several recent decisions. *See, e.g.* Briehl v. General Motors Corp. 172 F.3d 623 (8th Cir. 1999); Ford Motor Co. v. Rice, 726 So.2d 626 (Ala. 1998).

12

seems unlikely that the diversity jurisdiction threshold of $75,000 can be met. The fact that the Coghlans' suit is an as-yet uncertified class action does not alter diversity analysis, since at least one member of the plaintiff class must assert a claim in excess of the amount in controversy requirement.[5] *See* <u>Snyder v. Harris</u>, 394 U.S. 332 (1969). *See also* 7A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Proceedure</u> § 1756 (2d ed. 1986).

Because the district court acted prematurely in dismissing the Coghlans' breach of contract, fraudulent misrepresentation, negligent misrepresentation, and deceptive trade practices claims on the pleadings, we reverse and remand on those claims. We affirm the district court's dismissal of the unjust enrichment claim.

**AFFIRMED** in part, **REVERSE**D in part.

---

[5] This court's decision in <u>In re Abbott Laboratories</u>, 51 F.3d 524 (5th Cir. 1995), holding that an award of attorney's fees in a class action was attributable to the named plaintiffs, rather than to the class as a whole, thus allowing the combination of the class attorney's fees and the claims of named plaintiffs to satisfy the amount in controversy requirement, is peculiar to a Louisiana statute and has no application here. The standard approach to awards of attorney's fees in a class action context is to distribute them pro rata to all class members, both named and unnamed. <u>Goldberg v. CPC International, Inc.</u>, 678 F.2d 1365 (9th Cir. 1982). Under Texas law, attorney's fees should not be attributed to the named class representative for jurisdictional purposes. <u>Gooding v. Allstate Insurance Co.</u>, 2000 WL 626856 (N.D. Tex. 2000); <u>Johnson v. Direct TV</u>, 63 F.Supp.2d 768, 770 (S.D. Tex. 1999); <u>Quebe v. Ford Motor Co.</u>, 908 F.Supp. 446, 449-50 (W.D. Tex. 1995). Similarly, Florida law demands that punitive damages and attorneys' fees be divided equally among all class memebers, rather than aggregated to allow a single named plaintiff to reach the amount in controversy threshold. <u>Morrison v. Allstate Indemnity Co.</u>, 228 F.3d 1255 (11th Cir. 2000); <u>Cohen v. Office Depot Inc.</u>, 204 F.3d 1069 (11th Cir. 2000).