Novelle TRAPASSO, individually and as representative of others similarly situated, Plaintiffs,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant.

No. 1:02–CV–105.

United States District Court, E.D. Texas, Beaumont Division.

June 6, 2002.

Timothy Wilson Ferguson, Ferguson Firm, Beaumont, TX, Christopher Andrew Kesler, Kemp & Kesler, Houston, TX, for Plaintiff.

Daniel McNeel Lane, Jr., Akin, Gump, Strauss, Hauer & Feld, San Antonio, TX, James R. Old, Jr., Germer & Gertz, Beaumont, TX, for Defendants.

## MEMORANDUM OPINION

COBE, District Judge.

The issue before the court is how to value the matter in controversy for purposes of diversity jurisdiction when the plaintiff is seeking injunctive relief. This is the controlling issue in the plaintiff's Motion to Remand (doc. # 2). Upon review of the motions and responses on file, this court is of the opinion that the Motion to Remand should be GRANTED.

### Factual and Procedural Background

Novelle Trapasso ("Trapasso") owns a home located in Beaumont, Texas, which was insured by defendant Prudential Property and Casualty Insurance Company ("Prudential"). In June of 2001, Trapasso had a covered loss which she reported to Prudential. Prudential estimated the full cost of repair was $13,514.91, but deducted depreciation from this figure before compensating Trapasso. The depreciation of both labor and materials resulted in a deduction of $2,371.30. Trapasso claims that labor is a non-depreciable item, and filed this class action lawsuit in state court. Trapasso seeks both damages for the labor depreciation which was deducted from her compensation and injunctive relief against Prudential. Additionally, she seeks a statutory penalty of eighteen percent per annum under Texas Insurance Code § 21.55.

Prudential removed this action to federal court based on diversity jurisdiction. The plaintiff has filed a motion to remand, asserting that the amount in controversy is not satisfied in this case. The class has not been certified in state or federal court.

## Motion to Remand

In general, a defendant may remove an action from state court if the federal court has subject matter jurisdiction over the action. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); 28 U.S.C. § 1441(a). The removing party has the burden of showing that federal jurisdiction exists and that removal was proper. *DeAguilar*, 47 F.3d at 1408. Ambiguities should be construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). Under 28 U.S.C. § 1332, a district court has diversity jurisdiction over any case if (1) the parties are diverse and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Here the parties are citizens of different states, so the only issue before the court on the question of diversity jurisdiction is whether the matter in controversy exceeds the value of $75,000. If it does not, then this case was improperly removed and should be remanded to state court.

Trapasso's state court complaint states that no members of the potential class will have a claim for over $75,000. The defendant alleges that by making such a statement, Trapasso is trying to avoid federal court jurisdiction by improperly pleading a dollar amount. Prudential further alleges that absent binding affidavits in support of such a statement, this court should find Trapasso's complaint was made in bad faith and disregard the statement when considering the amount in controversy. *See DeAguilar*, 47 F.3d at 1412, citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (finding that in order to prevent removal, litigants must file a binding stipulation or affidavit with their complaint, later filings are irrelevant).

Texas does prohibit plaintiffs from pleading specific dollar amounts when they are seeking injunctive relief. *DeAguilar*, 47 F.3d at 1410; Texas Rule of Civil Procedure 47(b) (requires that claims for unliquidated damages should only include a statement that the damages sought are within the jurisdictional limits of the court). Additionally, if plaintiffs plead an amount in order to avoid federal jurisdiction with the knowledge the claim is actually worth more, then that amount was pled in bad faith and should be set aside. *DeAguilar*, 47 F.3d at 1410. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show as a matter of law, that it is certain he will not be able to recover more than the damages pled in the state court complaint for remand to be appropriate. *Id.*, at 1411.

Prudential alleges that because Texas prohibits pleading specific dollar amounts for unliquidated claims, the fact that the plaintiff's claims have been capped demonstrates a bad faith attempt to avoid federal jurisdiction. However, even if pleading a maximum recovery is a violation of the Texas prohibition, it does not automatically follow that it was done in bad faith or that this court has jurisdiction. While state court plaintiffs cannot avoid federal diversity jurisdiction by capping claims for unliquidated damages in bad faith, a necessary element for this court to find bad faith in this context is that the potential value of the claims is actually worth more than that which was pled. Regardless of whether the plaintiff violated a state prohibition by pleading specific dollar amounts for unliquidated claims, for this court to have jurisdiction, Prudential still must show that the amount in controversy has been met. *See DeAguilar*, 47

F.3d at 1411–12. Thus, while the cap employed by the plaintiff will not bar federal court jurisdiction if made in bad faith, before such a finding of bad faith can be made, Prudential must show this court that the amount in controversy is actually satisfied in this case. Hence, this court will not rely upon the amount pled by the plaintiff in state court, but reserves finding bad faith until Prudential actually shows the amount in controversy is satisfied.

■ The defendant must show by a preponderance of the evidence that the amount in controversy is more than $75,000. *De Aguilar,* 47 F.3d at 1412; *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]." *De Aguilar,* 47 F.3d at 1412. In addition to actual damages, Trapasso is seeking an injunction, and could be awarded attorneys' fees and statutory penalties. If a state statute provides for attorney fees or penalties, they are to be included in the amount in controversy. *St. Paul Reins. Co.,* 134 F.3d at 1253. But even including fees and penalties, the dollar amount Trapasso could recover is far less than $75,000. Therefore, the issue becomes how to value the injunction.

Defendant makes two primary arguments. First, Prudential argues that the amount in controversy is satisfied by the cost of the injunction to Prudential. Prudential has submitted evidence which could show by a preponderance of the evidence that the total cost of the injunction exceeds the jurisdictional amount if Prudential is allowed to aggregate its costs and those costs are to be considered. Therefore, whether this argument is correct rests upon how the injunction is valued and

whether costs can be aggregated to the named plaintiff. Second, Prudential argues that even if the court disregards the cost of the injunction to Prudential, the jurisdictional amount is satisfied by supplemental jurisdiction if at least one member of the as-yet uncertified class has a claim in excess of the amount in controversy. Further, Prudential argues that even if the class is limited and a non-member receives a benefit from the injunction in excess of the amount in controversy, supplemental jurisdiction should still attach. This court disagrees, and will address each argument in turn.

### Cost of the Injunction

Usually, the amount in controversy is not difficult to ascertain because the plaintiff seeks actual damages. However, in cases where the plaintiff seeks an injunction, the amount in controversy often becomes more difficult to determine because of the disputes which predictably arise regarding the value of the injunction. The benefit the plaintiff receives from the injunction may be far less than the cost to the defendant of complying with the injunction. When the potential award has different values, courts must determine which value to consider when deciding whether the amount in controversy has been satisfied.

■ The longstanding rule in the Fifth Circuit is that "the value to the plaintiff of the right to be enforced or protected determines the amount in controversy." *Alfonso v. Hillsborough County Aviation Authority,* 308 F.2d 724 (5th Cir.1962). Prudential argues that this is no longer the rule in this circuit, or in the alternative that this rule has been relaxed.

To support its contention that the value to the plaintiff rule has been relaxed, Prudential relies upon a case wherein neither party questioned the court's jurisdiction and the rule was addressed in a footnote.

*Unauthorized Practice of Law Committee v. Parsons Technology, Inc.,* No. 3:97CV–2859H, 1999 WL 47235, at *4 n. 6 (N.D.Tex. Jan.22, 1999) (vacated and remanded on other grounds). The court in *Unauthorized Practice of Law* found that the amount in controversy was met because it could not say "to a legal certainty" that the plaintiff's claims were for less than the jurisdictional amount. *Id.* However, not only did that court apply a different standard than the one applicable in this case, it cited *Webb v. Investacorp., Inc.,* 89 F.3d 252, 256–57 n. 1 (5th Cir. 1996), for the proposition that *Alfonso* had been relaxed. *Id.* This court is reluctant to agree that *Webb* relaxed the plaintiff perspective rule.

In *Webb,* the defendant filed a claim with the National Association of Securities Dealers, Inc., for arbitration of an amount well over the then existing jurisdictional amount. *Webb,* 89 F.3d at 255. After the defendant's claim had been filed, the plaintiffs filed an action in state court seeking a declaratory judgment that they were not obligated to arbitrate. *Id.* The issue in the state action was whether the dispute had to be arbitrated, and hence upon removal, the value to attach to that determination. *Id.* at 256–57. The fact the defendant had already filed an arbitration claim for an amount over the jurisdictional requirement was a significant consideration. *Id.* In finding the district court properly denied the plaintiffs' motion to remand by looking to the value of the defendant's underlying arbitration claim, the court in *Webb* referenced the following two cases. *Id.* In *Stonewall Ins. Co. v. Lopez,* 544 F.2d 198 (5th Cir.1976), an insurer brought suit for declaratory judgment against the insured regarding the coverage of a particular incident. The court found that the difference between winning and losing the lawsuit, the value to either side, was above the jurisdictional amount, and therefore the plaintiff only viewpoint rule argued by the

insured was not applicable. *Id.,* at 199 n. 2. In *Leininger v. Leininger,* 705 F.2d 727 (5th Cir.1983), a individual brought a state court action to nullify and enjoin his ex-wife from enforcing a $105,000 alimony judgment from another forum. The ex-wife removed, and although she was the defendant, the court looked to the amount of the underlying alimony judgment she sought to enforce to determine the amount in controversy. *Id.,* at 729. The court found that the "value of the right to be protected or the extent of the injury sought to be prevented was the amount of the judgment." *Id.*

While this court does not reach a finding on whether the plaintiff perspective rule of *Alfonso* has been relaxed by the Fifth Circuit, it would note that all of the above mentioned cases tend to be exceptions to the general rule instead of a relaxation of the rule. Simply, in two of these cases, the party who initially sought compensation was the defendant, and the defendant actually had a specific dollar amount claim. In *Leininger* it was an alimony judgment and in *Webb* it was a claim submitted to arbitration. *Leininger,* 705 F.2d at 729; *Webb,* 89 F.3d at 257. In *Stonewall,* the court determined both parties had an amount at stake over the jurisdictional limit. *Stonewall,* 544 F.2d at 199 n. 2. These are seemingly exceptions to the general format of a typical injunctive lawsuit. This court is hesitant to engage in an attempt to determine if noting exceptions to a rule is the same as relaxing a rule, and fortunately such a determination is not necessary. Regardless the outcome of such a determination, the plaintiff perspective rule of *Alfonso* still applies to the general case where the plaintiff is seeking an injunction. Accordingly, based upon the specific facts of this cases, this court finds the rule does apply to this case, and it is the plaintiff's perspective which should be considered.

■ This case does not meet the minimum amount in controversy from the plaintiff's perspective. The amount in controversy cannot be met by aggregating the separate claims of individual class plaintiffs. *Snyder v. Harris*, 394 U.S. 332, 336, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). There is an exception to the non-aggregation rule when the plaintiffs have "a common and undivided interest" in the claim, but that does not apply here because an injunction would affect each potential individual claim differently—they do not share an undivided interest. *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Alfonso*, 308 F.2d at 726. Hence, the value to each potential individual plaintiff cannot be aggregated to satisfy the amount in controversy. *See, e.g., Leto v. World Savings and Loan Assoc.*, No. 98–CA02610G, 1998 WL 1784221 (W.D.Tex. Sept.29, 1998). Therefore, because the value to Trapasso of the injunction will be less than $3,500,[1] and other potential claims cannot be added to that figure, Trapasso does not have a claim which meets the jurisdictional minimum. Additionally, even assuming attorney fees may be recoverable, the amount in controversy is still not met because those fees would have to be attributed pro rata among the class members. *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 n. 5 (5th Cir.2001); *Quebe v. Ford Motor Co.*, 908 F.Supp. 446, 451 (W.D.Tex. 1995). Trapasso's claim does not meet the amount in controversy because separate and distinct claims of individual class members cannot be aggregated and attributed to the named plaintiff. *H & D Tire, etc., v. Pitney Bowes*, 250 F.3d 302, 304 (5th Cir. 2001); *Zahn* 414 U.S. at 294, 94 S.Ct. 505; *Snyder* 394 U.S. at 336, 89 S.Ct. 1053.

■ There is one additional point which should be made before this court moves to Prudential's second argument. Even if the plaintiff perspective rule does not apply, this case does not meet the requisite amount in controversy. It is clear that the plaintiffs could not aggregate their claims to meet the amount in controversy in order to initially bring this suit in federal court. *Zahn*, 414 U.S. at 294, 94 S.Ct. 505. To enable Prudential to tally their potential cost of compliance and to apply that potential total to the named plaintiff, would create a situation whereby the plaintiff could not bring an action in federal court, but the defendant could remove it to federal court. To allow the defendant to aggregate to meet a threshold amount when plaintiffs are prohibited from so doing, would not only create an inequity, but would virtually make any state class action removable if the parties were diverse. This is especially true if, as Prudential argues, it should be allowed to include its clerical cost of compliance in the calculation of the value of the injunction. Part of the costs outlined in the declarations Prudential submitted as evidence include the costs of sending out notice to adjusters, field inspectors, supervisors, and management. The declarations also include the cost of a training program and the associated cost of travel, the cost of reprinting manuals, of reprogramming computers, and of contacting vendors and contractors. If such expenses were generally allowed to be included, then even suits for an injunction against a large corporation, worth only a nominal amount to the plaintiff, would suddenly meet the amount in controversy. *See In re Brand Name Prescription Drugs*, 123 F.3d 599, 610 (7th Cir.1997). Regardless of whether such ex-

---

**1.** Trapasso seeks $2,371.30 in damages and could receive an 18% per annum penalty under Texas Insurance Code § 21.55. By plaintiff's own assertion, because this case is only a year and a half old, the most Trapasso could recover, including statutory penalties, is $3,050.

penses are properly included in the total cost of compliance, this court is of the opinion that they should not be attributed to the named plaintiff at this stage in the proceedings.

By disregarding the plaintiff's perspective rule, and allowing the defendant to total its potential cost and attribute it to the named plaintiff, the court would in effect be creating a back door for future plaintiffs to gain access to federal courts despite the non-aggregation rule. A plaintiff could bring a class action in which all plaintiffs were below the threshold amount, however, the plaintiffs could argue that by relying on the defendant perspective rule, the aggregated cost the defendant would incur would satisfied the jurisdictional amount. Additionally, there is precedent to suggest that defendants should not be able to aggregate the cost of an injunction to the named plaintiff. *Id.*

Although the Seventh Circuit has rejected the plaintiff's perspective rule for the "either viewpoint" approach, it would seem that it still does not allow an aggregation of the cost of the injunction in multiple plaintiff cases. *Id.*, at 609. In typical Posner style, the Seventh Circuit explained that when each plaintiff of a class seeks to assert an individual right, the defendant should be deemed to face multiple claims for injunctive relief, each of which must be evaluated separately. *Id.* at 610. This is at least in part because of a reason they abandoned the plaintiff perspective rule. When a single plaintiff seeks an injunction, the defendant is said to be willing to pay that plaintiff within a shade of the cost of complying with the injunction for the right not to have to perform the injunction. Indeed, Prudential has argued that Trapasso meets the amount in controversy because of this payment for the right idea. However, Prudential does not reach the logical conclusion of such reasoning. The Seventh Circuit goes on to state, that when there are multiple plaintiffs seeking an injunction, the defendant would not be willing to pay each one the basic cost of the injunction for the right not to perform. *Id.* They would only be willing to pay each one that cost divided by the number of plaintiffs. Therefore, the Seventh Circuit said the test was that the cost to the defendant of an injunction, "is the cost to each defendant of an injunction running in favor of one plaintiff; otherwise the non-aggregation rule would be violated." *Id.*

The Seventh Circuit also considered one additional way to value injunctions, which should be briefly addressed since it was hinted at by Prudential. This is simply, the value of a legal right the defendant would have to give up to comply with the injunction. *Id.* That could not apply in this case because for the plaintiff to be successful, a court will have to agree with the plaintiff that Prudential is illegally depreciating labor expenses. For these various reasons, this court is of the opinion that Prudential cannot aggregate the cost of the injunction and apply it to the named plaintiff to meet the amount in controversy threshold.

### Supplemental Jurisdiction from *Potential* Class Members' Claims

Prudential argues that there will be potential members of the class who have claims for over the jurisdictional amount, and therefore, supplemental jurisdiction should be granted to the remaining class members. The Supreme Court last visited this issue in *Zahn,* and held that even when some class members' claims satisfied the amount in controversy, pendant-party, or supplemental jurisdiction should not be granted to those class members whose individual claims did not meet the threshold amount. *Zahn,* 414 U.S. at 301, 94 S.Ct. 505. However, subsequent to the *Zahn* ruling, Congress passed the Judicial Im-

provements Act of 1990. The Fifth Circuit held that act overruled *Zahn,* and that supplemental jurisdiction should be granted when certain members of a class meet the threshold amount. *In re Abbott Laboratories,* 51 F.3d 524, 525 (5th Cir.1995) (affirmed by a split Court, Justice O'Conner took no part in the consideration or decision). Although like this case in the fact that it addressed an as-yet uncertified class, the district court in *Abbott* found the class representatives satisfied the amount in controversy because a state statute provided for attorneys' fees to be attributed to the named plaintiffs.[2] *Id.* at 527, 530. Therefore, although there is much disagreement among the circuits regarding this issue, this district court would be bound to follow *Abbott,* and grant supplemental jurisdiction if it found that members of the class satisfy the amount in controversy requirement.

■ Prudential argues that there will be members whose claims exceed $75,000 based upon the size of their policies. Trapasso responds by alleging that the manner in which the potential class is defined will prevent any individual with a claim of $75,000 from becoming a member. However, Prudential further alleges that because Trapasso is seeking an injunction affecting a company practice, it would necessarily affect a broad class of policy holders, whether they were members of the class or not. Irrespective of this court's opinion on the factual accuracy of Prudential's allegations, this court is not persuaded that supplemental jurisdiction should attach.

■ First, this is a potential class action. It has neither been certified by this court or the state court from whence it came. This court agrees with Prudential when it cites *Coghlan* for the proposition that the fact it "is an as-yet uncertified class action does not alter diversity analysis, since at least one member of the plaintiff class must assert a claim in excess of the amount in controversy requirement." *Coghlan,* 240 F.3d at 455. However, Prudential is incorrect in arguing that this means supplemental jurisdiction can be based on a theoretically possible, unnamed plaintiff. This court reaches the exact opposite conclusion. Despite the fact the class is not certified yet, there must be a member of the plaintiff group who has a claim which satisfies the amount in controversy for supplemental jurisdiction to be granted. Whether this means it must be a named plaintiff or just a known future plaintiff is not necessary for this court to determine, because Prudential has not shown the existence of either. Prudential has not provided evidence of a single, actual person who would meet the amount in controversy requirement, or even produced sufficient evidence for this court to conclude the existence of such person. The fact that this action is in the pre-certification stage does not change the fact that not a single plaintiff has been shown to exist who has a claim which satisfies the amount in controversy. Therefore, supplemental jurisdiction cannot attach.

Second, there are good reasons for requiring that at least one named plaintiff satisfy the amount in controversy before a court grants supplemental jurisdiction. Hence, even if Prudential had produced evidence that there were potential future plaintiffs who had claims which satisfied the jurisdictional amount, supplemental jurisdiction should still not attach. This

2. The Fifth Circuit has explained that in Texas, unlike Louisiana, attorneys' fees are not to attributed to the named class representatives for jurisdictional purposes. *Coghlan,* 240 F.3d at 455 n. 5 (5th Cir.2001), *referencing Gooding v. Allstate Insurance Co.,* No. 3:99–CV–2640M, 2000 WL 626856 (N.D.Tex. May 12, 2000).

court is aware of the decision in *Corley v. Southwestern Bell Telephone Co.*, 924 F.Supp. 782 (E.D.Tex.1996), which found that "but for" the plaintiff's manipulation of the pleadings, plaintiffs would have been seeking damages in excess of the then requisite amount in controversy. *Id.* at 787. In that case, the plaintiffs had initially sought punitive damages, which were to be considered in aggregate for purposes of satisfying the amount in controversy. *Id.* at 786. However, the plaintiffs subsequently amended their complaint and did not include a claim for punitive damages in an attempt to avoid federal jurisdiction. *Id.; see also Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir.1995) (finding that in Mississippi punitive damages should be aggregated against each plaintiff in determining the jurisdictional amount).[3] The court in *Corley* said there "is no question but that Plaintiffs attempted to evade removal." *Corley*, 924 F.Supp. at 787. However, absent such bad faith manipulation, this court agrees with other courts which have found that at least one named plaintiff must satisfy the amount in controversy. *See, e.g., In re Brand Name*, 123 F.3d at 607. This is primarily because, as those familiar with Fifth Circuit precedent well know, not every plaintiff who seeks class certification is successful. If a plaintiff gained access to federal court based upon supplemental jurisdiction from an unnamed, potential class member, and the class was not certified, the case would then have to be remanded. The situation would be different if a named plaintiff satisfied the amount in controversy, because then even if the class was not certified, federal jurisdiction would still exist. Accordingly, this court is of the opinion that supplemental jurisdiction in an as-yet uncertified

class should not be granted unless an actual named plaintiff satisfies the amount in controversy.

In this case, there is only one named plaintiff, and the maximum recovery that plaintiff can obtain is well under $75,000. In fact, the pleadings allege the actual damages are for less than $3,500. That amount does not meet the amount in controversy requirement for diversity jurisdiction. Additionally, this court is not willing to grant federal jurisdiction based upon the potential size of claims of potential members of the as-yet uncertified class. The fact that Prudential may have to adjust its accounting methods across a broad class of individuals, some perhaps totaling more that $75,000, does not mean Prudential can get into federal court based upon supplemental jurisdiction when those individuals are not part of the present suit, and may never be part of this action. Neither can the amount be aggregated to the plaintiff. Therefore, for any one of the above reasons, this court finds the amount in controversy is not satisfied, and is of the opinion this case should be remanded.

### Costs and Fees

▮ Pursuant to 28 U.S.C. § 1447(c), a court may award just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Counsel for the plaintiff has submitted an affidavit stating that he has spent in excess of thirty hours in research and drafting of the motion to remand and reply. At $300 per hour, a reasonable attorney's fee would be $9,000. This court is of the opinion that this amount plus the cost of remand should be awarded.

---

**3.** *Allen* was subsequently held not to be precedent by *H & D Tire and Automotive–Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 329–30 (5th Cir.2000), in which the Fifth Circuit said it was bound to follow the earlier opinion

of *Lindsey v. Alabama Telephone Co.*, 576 F.2d 593 (5th Cir.1978), and re-affirmed that punitive damages should not be aggregated and attributed to each plaintiff for purposes of determining the amount in controversy.

### Conclusion

For the above reasons, this court is of the opinion that this case should be remand to state court. Accordingly, it is so

ORDERED, that Plaintiff's Motion to Remand is GRANTED, therefore it is

ORDERED, that this case be RE-MANDED to the state court from whence it came at defendant's cost and that attorney fees in the amount of $9,000 are awarded to the plaintiff.