Brenda J. **BRADBERRY** and Edwin C. Bradberry, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,** Defendants.

No. 02–2729.

United States District Court, W.D. Tennessee, Western Division.

Oct. 3, 2003.

---

Alan G. Crone, Esq. and James J. Webb, Jr., Crone & Mason, PLC, Memphis, TN, for plaintiffs.

Jeffrey Zager and Robert B. Littleton, Esq., Miller & Martin, LLP, Nashville, TN, for defendants.

### ORDER GRANTING PLAINTIFFS' RULE 23 MOTION TO CERTIFY CLASS

DONALD, District Judge.

Before this Court is the motion of Brenda Bradberry and Edwin Bradberry ("Plaintiffs"), to certify the following class pursuant to Federal Rule of Civil Procedure 23:

> Any and all Tennessee residents who, during the four-year period preceding August 20, 2002, up to and including the date on which this class is certified, purchased from John Hancock Mutual Life Insurance Company a Long Term Care Insurance Policy and Enhanced Elimination Period Rider but did not file a claim thereunder.

Plaintiffs claim fraud, breach of contract and violation of the Tennessee Consumer Protection Act in relation to John Hancock Mutual Life Insurance Company's ("Defendant" or "John Hancock") sale of the Long Term Care

Policy ("Policy") and Enhanced Elimination Period Rider ("Rider"). This Court has jurisdiction pursuant to 38 U.S.C. § 1367. For the reasons stated herein, Plaintiffs' motion is **GRANTED**.

## I. Factual Background[1]

On or about April 2000, Plaintiffs entered discussions in Shelby County, Tennessee, with a Memphis agent of John Hancock concerning the possibility of purchasing long-term care insurance. Both Plaintiffs completed applications, were approved, and were issued a Policy, beginning on or about June 1, 2000.

The Policy imposes conditions upon receiving benefits. To obtain benefits, the Elimination Period, similar to a waiting period, must have elapsed. The Elimination Period is defined as follows:

> the number of Dates of Service in each Period of Care that would otherwise be covered by this Policy, for which We will not pay benefits ... The Elimination Period starts on the first Date of Service in a Period of Care. Benefits are not payable during the Elimination Period. The days used to satisfy Your Elimination Period do not need to be consecutive, but they must all occur within a single Period of Care. Only one complete Elimination Period needs to be met while your policy is in force.

The insured must also provide a written certification from a licensed health practitioner in order to receive benefits. The certification must state either that the insured was unable to perform two activities of daily living due to loss of functional capacity for a period expected to last ninety days or that the insured is cognitively impaired to the point of putting himself or herself in danger and therefore needs assistance.

When Defendant's agent sold Plaintiffs their policies, he also offered to sell them certain optional benefits. Plaintiffs purchased the aforementioned Rider, which requires an additional annual charge. The primary benefit of the Rider, which was also allegedly the selling point to Plaintiffs, is the redefined elimination period. The Rider adds the following provision, "[t]he days used to satisfy Your Elimination Period ... may be accumulated under separate claims." The Rider also deletes provisions about the period of care and adds hospital stays, periods of bedhold benefits, and periods of Medicare eligible services to the Policy's service period.

On or about December 27, 2001, Plaintiff Brenda Bradberry had a heart procedure performed and spent two days in the hospital. Around February 27, 2002, she spent nine days in the hospital for double-bypass heart surgery. After she was released from the hospital, Mrs. Bradberry received twenty-eight days of home health care.

In March of 2002, Mrs. Bradberry mailed an application for benefits under the Policy to Defendant. She sought credit for thirty-nine days towards satisfaction of her elimination period. The following month, Defendant denied her claim on the basis that she failed to show that a licensed health care practitioner had certified that she was unable to perform two activities of daily living for a period expected to last ninety days.

Plaintiffs maintain that none of Defendant's agents ever mentioned the certification requirement, nor did any of the promotional materials provided before purchase of the Policy mention this requirement. Therefore, on May 10, 2002, counsel for Mrs. Bradberry appealed the denial of the claim by letter to Defendant. Defendant replied, upholding denial of her claim.

In light of the certification requirement, Plaintiffs argue that the Rider is essentially worthless. The Rider purports to shorten the Policy's elimination period, but in order to receive benefits, an insured with the purchased Rider must still wait until a licensed health practitioner certifies that the insured will be incapacitated for ninety days. Plaintiffs filed their complaint for class action relief and subsequently filed this motion to certify the class. They maintain that the

---

1. Facts are taken from the Plaintiffs' Memorandum of Law in Support of Motion to Certify Class.

Rider provides little to no added benefit to insureds. Accordingly, Plaintiffs argue that the marketing and the sale of the Policy with the Rider is fraudulent, a breach of contract, and a violation of TCPA.

## II. Legal Standard

Rule 23(a) of the Federal Rules of Civil Procedure establishes the requirements for certification of a class and maintenance of a class action. The Rule provides:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The rule further requires in subdivision (b) that the common questions of law or fact predominate over the questions affecting individual members.[2]

 The burden to establish each element is on the party seeking certification of the class. *Senter v. General Motors Corp.,* 532 F.2d 511, 520 (6th Cir.1976). The moving party may not merely repeat the language of Rule 23(a). *Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974). Rather, the party must adequately state the facts that indicate each requirement of the rule is fulfilled. *Id.* In assessing plaintiff's petition, the court assumes the truth of the allegations in the complaint and does not examine the merits of the action. The court, however, does conduct a rigorous analysis of the petition to ensure that all of the prerequisites are fully met. *General Tel. Co. of*

*Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

## III. Discussion

### A. Standing

 Defendant argues initially that Plaintiff Edwin Bradberry does not have standing to bring this action as a representative of the putative class. A named plaintiff must allege an individual injury in order to seek relief on behalf of himself, or herself, or any other member of a class. *See O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("If none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendant, none may seek relief on behalf of herself or any other members of the class."). Standing consists of three elements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury suffered by the plaintiff can be an economic injury. *Sierra Club v. Morton,* 405 U.S. 727, 733–34, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Associated Builders & Contractors v. Perry,* 16 F.3d 688, 691 (6th Cir.1994). The injury must be "real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). "Violations of common law rights protected by the common law of property, contract, torts and restitution are sufficient for standing purposes." *U.S. v. Bridwell's Grocery,* 195 F.3d 819, 821 (6th Cir.1999); *see also Coghlan v. Wellcraft Marine Corp.,* 240 F.3d 449, 452 (5th Cir.2001) (upholding standing where alleged injury arose through

---

**2.** The relevant portion of Federal Rule of Civil Procedure 23, subdivision (b) reads:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition ...
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

receiving less than plaintiff was promised in a contract).

The Court looks to the three *Lujan* elements to determine standing. First, in buying a Rider that is allegedly worthless, Plaintiffs suffered an economic injury in fact. Second, Plaintiffs allege that they were injured by the misleading marketing of the Rider to the public. The allegedly unlawful marketing is clearly related to the purchase of the presumptively worthless Rider. Third, Plaintiffs' economic injury could properly be redressed if this Court were to render a favorable decision, since this Court has the authority to order money damages. Accordingly, Plaintiffs have standing to bring their claim.

## B. Requirements for Rule 23(a)

### 1. Numerosity

 To satisfy Rule 23(a)(1), the party moving for class certification must first establish that the class of proposed plaintiffs is so numerous that joinder of all members is impracticable. There is no strict numerical test for determining impracticability of joinder. Rather, joinder is impracticable "[w]hen class size reaches substantial proportions." *In re Amer. Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996). As of August 20, 2002, there were at least 294 members of the proposed class. (Pls' Mem. Supp. Mot. to Certify Class at 7.) As individuals located across the state of Tennessee, it would be impracticable to request all of them to be joined. Plaintiffs have met the numerosity requirement.

### 2. "Commonality"

 Next the Court investigates whether there are questions of law or fact common to the class. Plaintiffs put forth the following questions: whether the 90-day certification requirement is explained properly to potential insureds, whether the marketing of the Rider is misleading, whether the Rider has any actual value, whether purchasers of the Rider have suffered economic damages by buying it, and whether the marketing of the Policy and Rider violates the Tennessee Consumer Protection Act ("TCPA"). (*Id.* at 7–8.) Class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and "they turn on questions of law applicable in the same manner to each member." *Califano v. Yamasaki*, 442 U.S. 682, 700, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). "The threshold for commonality is not high." *Morris v. Transouth Fin. Corp.*, 175 F.R.D. 694, 697 (M.D.Ala.1997); *see also In re Telectronics Pacing Sys. Inc.*, 164 F.R.D. 222, 228 (S.D.Ohio 1995) (finding commonality when one single issue is common to each member of a putative class). Presuming that Plaintiffs' allegations are true, each member of the class was subject to misleading marketing and has bought a Rider which is worthless. Commonality is not defeated because marketing may vary across the state. Since common questions of law and fact exist, Plaintiffs have satisfied the commonality prong.

### 3. Typicality

 The Court next investigates whether the claims of Plaintiff Edwin Bradberry, as representative of the putative class, are typical of the class. Mr. Bradberry's claims are not required to be identical to the claims of the putative class to meet the typicality prong. *General Tel. Co. v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Amer. Med. Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir.1996). Mr. Bradberry purchased an allegedly worthless Rider, or a Rider which provides far less benefit than it purports. The other members of the putative class also purchased the Rider. Therefore, his claim and the class' claims are based on roughly the same factual context. Moreover, Plaintiffs base their claims on the same legal theories of fraud, breach of contract, and violation of the TCPA as any other members of the class. While individual class members may have other causes of action, Mr. Bradberry's claims are typical of the class as a whole. Accordingly, Plaintiffs have met the typicality prong.

### 4. Representative Party

The final requirement of Rule 23(a) is a showing that the representative party will fairly and adequately protect the interests of the class. This requirement is essential to due process as a final judgment is binding on all class members. *See Hansberry v. Lee*, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Mr. Bradberry has declared that he understands his duties as class representative, is willing to perform those duties, has no interests which are adverse to the interests of the other members of the class, and has hired experienced and competent counsel who will diligently prosecute the matter. (*See* Pls' Mem. Supp. Mot. to Certify Class at 12; Decl. of Edwin C. Bradberry.) Plaintiffs' attorney has declared that he is experienced in class action litigation, competent to diligently prosecute the matter, and willing to bring the case. (*See* Pls' Mem. Supp. Mot. to Certify Class at 12; Decl. of Alan G. Crone.) Plaintiffs' have produced sufficient facts to meet the representative party requirement.

### C. Requirement for 23(b)—Predominance

In addition to satisfying all the requirements of Rule 23(a), Plaintiffs must establish at least one of the requirements of Rule 23(b) to certify a class action. Plaintiffs argue "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). To satisfy the predominance requirement, there needs to be a common nucleus of operative facts. *Davis v. Avco Corp.*, 371 F.Supp. 782, 792 (N.D.Ohio 1974). "The predominance requirement is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D.Mich.2001); *see also In re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996) (same). Individualized damage issues do not defeat the predominance requirement. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1196–97 (6th Cir.1988).

Key questions involved in the instant action include: whether the marketing of the Rider is misleading, whether the Rider has any real value in light of the certification requirement, whether purchasers of the Rider have suffered economic damages merely by buying it, and whether or not the marketing of the Policy and Rider violate the TCPA. Each of the members were exposed to some version of Defendant's marketing and subsequently purchased the Policy and Rider. Therefore these questions are common to any of the potential individual cases of 294 putative class members.

Defendant argues that any common questions do not predominate over the individual questions. John Hancock maintains that marketing targeted to each of the class members was substantially different, leading to substantially different litigation. Plaintiffs allege, and the Court accepts for the purposes of this motion, that Defendant's marketing materials were substantially similar. Defendant consistently omitted discussions of the medical certification requirement and its effect on the value of the Rider. Defendant's alleged violations of common law and the TCPA support similar legal claims from all members of the class.

Moreover, any individual plaintiff wishing to establish willfulness, intent, or a common scheme would need to produce evidence as to Defendant's marketing across the entire state. Plaintiffs' claims of fraud, breach of contract, and violation of the TCPA address Defendant's state-wide marketing, not just its marketing directed at Plaintiffs. Plaintiffs have established that questions common to the class predominate over any individual questions, thereby meeting the predominance requirement.

Taking the allegations of the instant motion as true, the Court finds that Plaintiffs have alleged sufficient facts to demonstrate that joinder is impracticable, questions of law or fact are common to the class, and those facts predominate over any individual questions. In addition, Plaintiff Edwin Bradberry has alleged claims that are typical of the class-wide claims, and he will fairly and adequately protect the interests of the class.

Accordingly, Plaintiffs' motion to certify class is hereby **GRANTED.**

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to certify class pursuant to Federal Rule of Civil Procedure 23 is **GRANTED.**