Rebecca WOMACK, Plaintiff,

v.

NISSAN NORTH AMERICA, INC., and Nissan Motor Co., Ltd., Defendants.

Civil Action No. 2:06–CV–479–DF.

United States District Court, E.D. Texas, Marshall Division.

Feb. 16, 2007.

James Andrew Holmes, Attorney at Law, Henderson, TX, David Brian Miller, Schneider & Miller PC, Richardson, TX, Jay Kutchka, Jones Jackson & Moll PLC, Fort Smith, AR, Robert Stephen Woodfin, Law Office of R. Stephen Woodfin, Kilgore, TX, William M. Sweetnam, Freed & Weiss LLC, Chicago, IL, for Plaintiff.

E. Paul Cauley, Jr., Katherine Williams Binns, Ryan C. Brown, Sherman Vance Wittie, Stacy Leigh Blakeley, Sedgwick Detert Moran & Arnold, Dallas, TX, John Bachman Greer, III, Greer, McCasland & Miller, Texarkana, TX, for Defendants.

## ORDER

DAVID FOLSOM, District Judge.

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction brought by Nissan North America, Inc.[1] ("Defendant"). Dkt. No. 7. Also before the Court are Plaintiff's response and Defendant's reply. Dkt. Nos. 11 & 13, respectively. Defendant has also filed a Motion to Dismiss and Alternative Motion for a More Definite Statement, as to which Plaintiff has responded and Defendant has replied. Dkt. Nos. 8, 10 & 14.

Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendant's motions should be **DENIED.**

## I. BACKGROUND

Plaintiff brings this action under the Federal Odometer Act (the "Act"). Complaint, Dkt. No. 1 at ¶ 25; 49 U.S.C. § 32701 *et seq.* Plaintiff alleges Defendant "purposefully designed the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.0% under nominal conditions." *Id.* at ¶ 12. Plaintiff seeks to represent a class of: "All persons and entities who/which purchased or leased a new Nissan or Infinity automobile anywhere in the United States since November 15, 2004." *Id.* at ¶ 18. Pursuant to 49 U.S.C. § 32710 ("§ 32710"), Plaintiff seeks treble actual damages or, alternatively, statutory damages of $1500 per vehicle. *Id.* at ¶ 28.

Plaintiff purchased a Nissan Altima 2.5S in the Eastern District of Texas on or about May 2, 2005. *Id.* at ¶¶ 4, 5 & 7. Plaintiff purchased a Basic Warranty for three years or 36,000 miles. *Id.* at ¶ 8. Plaintiff further purchased a Powertrain Warranty for sixty months or 60,000 miles, a Federal Emissions Performance Warranty for two years or 24,000 miles, a Federal Emissions Defect Warranty for three years or 36,000 miles, and a Federal Emissions Long Term Defect Warranty for ninety-six months or 80,000 miles. *Id.* at ¶ 9. Plaintiff also purchased a Parts Warranty covenanting that all Nissan parts installed by a Nissan Dealer would be free of defects for not less than one year or 12,000 miles. *Id.* at ¶ 10. Plaintiff complains that Defendant "deprived [Plaintiff] of the benefit of her bargain by shortening her warranties and diminishing the resale value of her vehicle." *Id.* at ¶ 15. Plaintiff alleges the Defendant's violation of the Act will deprive her of more than 700 miles of Basic Warranty protection and as much as 1600 miles under the other warranties. *Id.*

Plaintiff alleges that Defendant installed a "computer software device in the vehicle which altered the odometer's performance

---

[1] At least at the time of filing of the present motion, defendant Nissan Motor Co., Ltd. had not been served. Dkt. No. 7 at 2, footnote 1.

by an amount which exceeds the odometer manufacturer's design tolerance." *Id.* at ¶ 13. Plaintiff alleges that such action "was part of a concerted effort to defraud the American consumer." *Id.* at ¶ 14.

In passing the Act, Congress found

(1) buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle;

(2) buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle;

(3) an accurate indication of the mileage assists a buyer in deciding on the safety and reliability of the vehicle; . . . .

49 U.S.C. § 32701(a). The Act defines an "odometer" as "an instrument for measuring and recording the distance a motor vehicle is driven, but does not include an auxiliary instrument designed to be reset by the operator of the vehicle to record mileage of a trip." *Id.* at § 32702(5). Title 49 U.S.C. § 32703 ("§ 32703") provides:

A person may not—

(1) advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;

(2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer; . . . .

*Id.* at § 32703(a). Further, § 32710 provides for "Civil actions by private persons" and states: "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater." *Id.* at § 32710(a).

## II. SUBJECT MATTER JURISDICTION

### A. Legal Principles

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a court may not grant dismissal "unless it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief," and a court "must take as true all of the allegations of the complaint and the facts as set out by the [plaintiffs]." *Saraw Partnership v. U.S.,* 67 F.3d 567, 569 (5th Cir.1995).

 To demonstrate standing, a plaintiff must show as follows:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. . . .

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and quotations omitted). Congress may "elevat[e]" previously inadequate injuries "to the status of legally cognizable injuries." *Id.* at 578, 112 S.Ct. 2130. "[T]he injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citation omitted).

## B. The Parties' Positions

Defendant argues this is a "no-injury class." Dkt. No. 7 at 4–5 (quoting *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, n. 4 (2001)). Defendant argues that "the 'conclusory assertions' that the class had sustained damages due to a supposed lack of resale value [is] 'simply too speculative'" to allow the case to go forward. *Id.* at 5 (quoting *Briehl v. General Motors Corp.*, 172 F.3d 623 (8th Cir.1999)).

Defendant argues that Plaintiff suffered no injury upon purchase because if the odometer registered more than the actual mileage, Plaintiff received a more valuable vehicle than she bargained for. *Id.* at 7–8. As to resale value, Defendant argues that the vehicle "may never be sold [or] may be wrecked beyond repair or fall victim to some other casualty." *Id.* at 8. Under such circumstances, Defendant argues, Plaintiff will have suffered no actual harm. As to premature expiration of warranties, Defendant argues that Plaintiff's claim is too speculative because Plaintiff would only suffer harm if:

> (1) she keeps her vehicle until and after the odometer registers mileage in excess of the applicable warranty; (2) the vehicle requires service that would have been covered by the warranty; (3) at a time when the vehicle's mileage is still within 2% of the limit of the applicable warranty; and (4) the time limit of the applicable warranty has not already expired.

*Id.* at 9.

Defendant concludes that Plaintiff's claim lacks ripeness because it is too "abstract" or "hypothetical." *Id.* at 10 (citing *New Orleans Public Service Inc. v. Council of New Orleans*, 833 F.2d 583, 586–87 (5th Cir.1987)).

Plaintiff argues that the shortening of the warranty period is "diminishing the resale value of her vehicle." Dkt. No. 1 at ¶ 15. As to those who lease their Nissans,

Plaintiff argues that they have been "deprived of the full value of their leases." *Id.* at ¶ 17. Plaintiff argues that the statutory damages available under the Act provide standing, and Plaintiff need not prove actual damages. Dkt. No. 11 at 7.

Defendant replies that Congress could not violate Article III of the Constitution by authorizing a claim without injury. Dkt. No. 13 at 2–3 (discussing *Raines v. Byrd*, 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). Defendant reiterates its arguments that Plaintiff has suffered no injury. *Id.* at 4–5. Defendant also argues that although § 32710(a) provides for statutory damages, its constitutionality can only be preserved if it "does not authorize a recovery in the absence of damages." *Id.* at 4.

## C. Discussion

 The purpose of the Act is to "punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts." *Delay v. Hearn Ford*, 373 F.Supp. 791, 796 (D.S.C.1974). By including treble damages, Congress expressed its intent to enforce compliance by requiring violators to do more than simply make the victim whole. Moreover, Congress' provision for statutory damages of $1500 per vehicle allows victims to recover without proving actual damages. *Attorney Gen. of Md. v. Dickson*, 717 F.Supp. 1090, 1105 (D.Md.1989) ("When the victim proves no damage, he receives the minimum statutory amount of $1,500 as a penalty.")

 Plaintiff alleges she owns a vehicle manufactured by Defendant, and Plaintiff's case is not "abstract or hypothetical." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.2000). Plaintiff does not allege something akin to an unmani-

fested "propensity for premature engine failure." *Tietsworth v. Harley–Davidson Inc.*, 270 Wis.2d 146, 677 N.W.2d 233, 240. Instead, Plaintiff alleges a quantifiable fraud: inflated mileage. The over-registering of mileage is not "a mere possibility of future product failure" but rather is measurable every time the vehicle is operated. *See* Dkt. No. 1 at ¶ 16 ("[T]he inflated mileage registered by [Plaintiff's] odometer daily decreases the market value of her vehicle."). Even though Plaintiff "do[es] not allege ... [she] has actually sold a vehicle at a reduced value," Congress's recognition of mileage as probative of the "condition and value of a vehicle" counsels against a finding of no injury. *Briehl*, 172 F.3d 623, 628–29; 49 U.S.C. § 32701(a)(1). Additionally, Plaintiff's "fail[ure] to state the amount of [her] damages" does not justify dismissal because Congress provides statutory damages without proof of actual damages. *Briehl*, 172 F.3d 623, 628–29; 49 U.S.C. 32710(a); *see also Dickson*, 717 F.Supp. at 1105. Further, Plaintiff need not prove actual damages at this early stage because when deciding whether a plaintiff has standing, the Court must "presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130 (citation omitted).

Plaintiff has alleged an "injury in fact." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. The loss of value is "concrete and particularized" because Congress has recognized that "buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and *value* of a vehicle...." *Id.*; 49 U.S.C. § 32701 (emphasis added). To the extent Plaintiff's odometer registers higher-than-actual mileage, Plaintiff's vehicle has a lower market value than it otherwise would. Moreover, the violation of the Act is a "concrete and particularized" invasion of Plaintiff's right to rely upon the odometer as, among other things, an indi-

cator of "the safety and reliability of the vehicle...." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130; 49 U.S.C. § 32701(a)(3). Plaintiff alleges harm that has already taken place, i.e. that Defendant "install[ed] a computer software device in the vehicle which altered the odometer's performance" in violation of the Act. Dkt. No. 1 at ¶ 13. Plaintiff's entitlement to statutory damages upon proof of a violation done with intent to defraud also demonstrates Congress' finding that Plaintiff has suffered harm.

Plaintiff has similarly satisfied the remaining requirements of standing under *Lujan*. Plaintiff has alleged a causal connection between the injury and the conduct complained of because "the inflated mileage registered by [Plaintiff's] odometer daily decreases the market value of her vehicle." Dkt. No. 1 at ¶ 16. Finally, the injury may be redressed by statutory damages, or treble Plaintiff's actual damages, pursuant to § 32710(a). Because Plaintiff has alleged actual harm caused by Defendant that may be redressed by damages, Defendant's motion to dismiss for lack of subject matter jurisdiction should be **DENIED**.

## III. FAILURE TO STATE A CLAIM

### A. Legal Principles

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "[C]onclusory allega-

tions or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Ct.,* 252 F.3d 781, 786 (5th Cir.2001) (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)). "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Banks v. Nat'l Collegiate Athletic Ass'n,* 977 F.2d 1081, 1093 (7th Cir.1992) (citation omitted).

## B. The Parties' Positions

Defendant argues that an odometer "is only expected under the relevant [Society of Automotive Engineers] practices to be within 4% of the actual distance traveled." Dkt. No. 8 at 6. Defendant submits that "the offensive 'device' [under § 32703] cannot be the odometer itself" because Congress was concerned with tampering. *Id.* at 7. Defendant cites the Congressional purposes of the Act, which are: "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." *Id.* at 4 (quoting § 32701(b)). Defendant argues that Plaintiff fails to plead that the mileage registered is outside of the "designed tolerance" of the odometer. *Id.* at 8–9 (citing § 32703(1)). Defendant also reiterates that Plaintiff has shown no harm. *Id.* at 10–12.

Plaintiff responds that she adequately alleges a "device" and that the Act has never been limited to "under-registration or rolled back odometers." Dkt. No. 10 at 10–11. Plaintiff also argues she has "specifically alleged that the alteration was in excess of the manufacturer's design tolerance." *Id.* at 12 (citing Dkt. No. 1 at ¶ 13).

Defendant replies that "the statute under which Plaintiff has brought this suit does not regulate the design of odometers or provide a remedy for purchasers of faulty odometers." Dkt. No. 14 at 2. Defendant also reiterates that Plaintiff has failed to allege a "device" separate from the odometer itself that inflates the mileage. *Id.* at 4–5. Defendant argues that Plaintiff must show some actual damages because § 32710(a) provides that a person violating the statute with intent to defraud "is liable for three times the actual damages or $1500, whichever is greater," and without actual damages "the Court cannot determine 'whichever is greater.'" *Id.* at 9.

## C. Discussion

The Act should be "broadly construed to effectuate its purpose," which includes "preventing odometer tampering and odometer fraud." *Owens v. Samkle Automotive Inc.,* 425 F.3d 1318, 1324 (11th Cir.2005) (quoting *Ryan v. Edwards,* 592 F.2d 756, 760 (4th Cir.1979)). As discussed in § II.C, *supra,* Plaintiff has sufficiently alleged a present injury caused by Defendant's alleged use of a "computer software device" that "makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven." Dkt. No. 1 at ¶ 13; 49 U.S.C. § 32703(a). Plaintiff further alleges that Defendant inflicted this injury "purposefully" in a "concerted effort to defraud." *Id.* at ¶¶ 12 & 14. Further, as discussed in § II.C, *supra,* Plaintiff has alleged harm in the form of reduced value and premature expiration of warranty periods. Because "the purposes of the private civil remedy [are] to compensate victims for harm suffered, *and* to ensure strict compliance with the Odometer Act's provisions," Plaintiff thus states a claim upon which relief can be granted. *Owens,* 425 F.3d at 1325 (broadly construing the Act to provide enhanced damages where plaintiff did not allege intent to defraud with respect to

mileage but rather with respect to the identity of the vehicle's prior owner).

Defendant presents evidence that a "–4% to +4%" designed tolerance is acceptable for odometers. Dkt. No. 8 at 9. Nonetheless, Plaintiff alleges that Defendant's odometers inflate mileage "by a factor of not less than 2.0%. . . ." Dkt. No. 1 at ¶ 12. A question of fact exists as to how much inflation occurs, as well as to the permissible magnitude of the "designed tolerance." Because the "complaint must be liberally construed in favor of the plaintiff," these are not questions suitable for decision at the pleading stage. *Campbell,* 781 F.2d at 442.

Defendant has thus failed to show that Plaintiff "can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Defendant's motion to dismiss for failure to state a claim should therefore be **DENIED.**

## IV. FAILURE TO PLEAD FRAUD WITH PARTICULARITY

### A. Legal Principles

▮ Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." A claim that fails to meet the particularity requirement of Rule 9(b) may be dismissed on a motion brought pursuant to Rule 12(b)(6) for failure to state a claim. *See, e.g., U.S. ex rel. Williams v. Bell Helicopter Textron Inc.,* 417 F.3d 450, 455 (5th Cir.2005). In ruling on a Rule 9(b) motion, the Court must "accept as true the well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff." *Herrmann Holdings, Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 557 (5th Cir. 2002).

▮ The "three main purposes" of Rule 9(b) are: "(1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions' and (3) providing notice of the claim to the adverse party." *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 777 (7th Cir.1994) (citations omitted). A plaintiff may satisfy Rule 9(b) by alleging "who, what, when, where, why, and how the false statements were made and to whom they were made." *Askanase v. Fatjo,* 130 F.3d 657, 676 (5th Cir.1997) (addressing fraud claim). In other words, a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann,* 302 F.3d at 564–65 (citations and quotations omitted).

### B. The Parties' Positions

Defendant argues that Plaintiff's claim under § 32710(a) is a "fraud-based" claim that must satisfy the heightened pleading requirements of Rule 9(b). Dkt. No. 8 at 12 (citing *Robinette v. Griffith,* 483 F.Supp. 28, 31 (W.D.Va.1979) & *Levine v. MacNeil,* 428 F.Supp. 675 (D.Mass.1977)). Defendant argues that "Plaintiff's Complaint fails to state (1) the type and nature of the software, (2) where it is located, (3) how it is not part of the odometer itself—the instrument that 'measures and records' distance traveled; and (4) how it causes incorrect odometer readings." *Id.* at 12–13. Defendant requests that "[a]t a minimum, the Court should require Plaintiff to make a more definite statement of her claims pursuant to Federal Rule 12(e)." *Id.* at 13.

Plaintiff responds that she has complied with Rule 9(b) because her claims have sufficient particularity to give Defendant fair notice. Dkt. No. 10 at 14–15. Plain-

tiff notes that "she has not alleged fraud but only conduct committed with "the intent to defraud." *Id.* at 14. Plaintiff argues this "intent" element may be "averred generally" under Rule 9(b). *Id.*

Defendant replies that Plaintiff's "extraordinarily vague 'software device' allegation" is inadequate because "the Complaint provides no information regarding what the device is and how it affects the measuring or recording of mileage." Dkt. No. 14 at 7.

## C. Discussion

■ The Court notes that Plaintiff does not assert a claim for fraud but rather asserts "intent to defraud" as an element under § 32710(a). Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." However, the Court need not resolve whether Rule 9(b) is more lenient as applied to the "intent to defraud" element because Plaintiff's allegations satisfy the requirements of Rule 9(b) as "strictly" applied to fraud claims. *Herrmann,* 302 F.3d at 565.

Plaintiff sufficiently puts Defendant on notice by alleging Defendant's odometers, through the use of a "computer software device," continuously and systematically misrepresent the mileage driven. Dkt. No. 1 at ¶¶ 12–13. Plaintiff need not allege the detailed workings of this "computer software device" at the pleading stage because this allegation has sufficiently put Defendant on notice of "how the false statements were made" by Defendant's vehicles. *Askanase,* 130 F.3d at 676. Plaintiff alleges the misrepresentation of mileage is fraudulent because consumers rely upon the misrepresented mileage to their detriment by paying more than they otherwise would for the vehicles due to the shortened warranty coverage, diminished resale value, and/or deprivation of the full value of leases. *Id.* at ¶¶ 15–17.

Having found that Rule 9(b)'s goal of providing notice has been satisfied, the Court further finds that the goals of "protecting [D]efendant's reputation from harm" and "minimizing 'strike suits' and 'fishing expeditions'" do not sufficiently weigh in favor of granting a motion to dismiss or motion for more definite statement in this case. *Vicom,* 20 F.3d at 777. In so finding, the Court emphasizes that it must "accept as true the well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff." *Herrmann,* 302 F.3d at 557.

*Robinette v. Griffith,* cited by Defendant, is distinguishable because there the court dismissed a "bare allegation of fraud," finding that "[t]he plaintiff's complaint alleges none of the elements of fraud or circumstances which surrounded defendant's violation." 483 F.Supp. at 31. Here, by contrast, Plaintiff alleges all of the elements of a cause of action under 49 U.S.C. § 32710(a) and explains how Defendant's alleged misrepresentation of mileage has harmed Plaintiff, as discussed supra. *Levine v. MacNeil,* also cited by Defendant, found without analysis that the plaintiff's complaint satisfied Rule 9(b). Defendant has not presented any authority, and the Court finds none, for the proposition that a plaintiff must plead the manner in which a defendant internally arrived at the allegedly fraudulent statement before speaking it. *See also Herrmann,* 302 F.3d at 564–65.

Because Plaintiff has satisfied the requirements of Rule 9(b), Defendant's motion for a more definite statement should be **DENIED.**

## V. CONCLUSION

For all of these reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 7) is hereby

**DENIED.** Defendant's Motion to Dismiss and Alternative Motion for a More Definite Statement (Dkt. No. 8) is also hereby **DENIED.**